HARSHBERGER v. HARSHBERGER AND HARSHBERGER.

1. Alimony: JURISDICTION OF DISTRICT COURT. The District Court of the county where the plaintiff resides, having jurisdiction of the cause in an action for divorce and alimony, may rightfully declare and enforce a lien for alimony granted in the action against real estate of the defendant situated in another county.

2. —— ATTACHING CREDITOR. And such lien will have priority over an attachment issued in an action commenced in the county where the land lies, and which was not levied thereon until after the rendition of the decree granting alimony, though before a transcript thereof was filed in the latter county.

3. —— The attaching creditor in such case acquires no greater right in the property attached, than the defendant actually had when the attachment was levied. Following prior adjudications on this point.

*Appeal from Keokuk District Court.*

SATURDAY, JANUARY 30.

ON the 4th day of March, 1868, the plaintiff brought suit in the District Court of Keokuk county, on two promissory notes, against the defendant, C. M. Harshberger, as maker thereof, and obtained a writ of attachment which was levied the same day upon thirty acres of land situated in Keokuk county. At the October Term, 1868, of said court, defendant having accepted service of notice, judgment was rendered in favor of plaintiff for the amount due upon said notes. At the same term of court, Mary E. Harshberger filed her petition of intervention, averring therein that in December, 1867, she filed her

petition in the District Court of Mahaska county, praying a divorce from her husband, Christopher Harshberger, the defendant in this action, and reasonable alimony; that due service of notice was made by publication; that at the time she filed her said petition for divorce and alimony the defendant was owner of the thirty acres of land attached in this action, which was particularly described in her petition, and she asked therein that any alimony decreed to her might be made a lien on said land; that afterward, and on the 21st day of February, 1868, she recovered judgment dissolving the bonds of matrimony, and for $100 alimony; and that said judgment for alimony and costs of suit were made a lien upon said land, and an order for special execution for the sale thereof to satisfy the same was also made; that on the 16th day of April, 1868, she caused a transcript of said judgment to be filed in the office of the clerk of the District Court of Keokuk county. She asked to be allowed to intervene, and that such order be made in the case as should preserve and protect her said lien and make the same prior to the attachment lien of the plaintiff. The plaintiff traversed the allegations of said petition for intervention. There was a trial to the court; the court found the facts as stated in said petition for intervention, and ordered that the judgment for alimony should be first satisfied from the proceeds of the sale of the land. The plaintiff appeals.

*G. D. Woodin* for the appellant.

*C. H. Mackey* and *Z. T. Fisher* for the appellee.

COLE, J. — I. Under our statute, the District Court in the county where the plaintiff resides has jurisdiction of all cases of divorce and alimony, and of guardianship connected therewith. Rev. §

1. ALIMONY: jurisdiction of District Court.

2532. It is also provided, that, when a divorce is decreed, the court may make such order in relation to the children and property of the parties, and the maintenance of the wife, as shall be right and proper. Sec. 2537. The action for divorce and alimony then was properly brought in Mahaska county, where the plaintiff resided. The District Court of that county having jurisdiction of the cause of action, it might rightfully enforce any lien con nected with the subject matter of the action, although the real property, upon which such lien was claimed and enforced, was situated in another county. The principle of this decision has been several times applied by this court. *Carnes* v. *Crandall*, 4 Iowa, 151; *Breckinridge* v. *Brown*, 9 id. 396; *Cole* v. *Connor*, 10 id. 299; *Finnagan* v. *Manchester*, 12 id. 521. But, further than this, even if the suit was brought in the wrong county for the enforcement of the lien, it might, nevertheless, be there prosecuted to a termination, unless the defendant before answer demanded a change to the proper county. Rev. § 2802. No independent action for alimony can be brought; it must be connected with and follow a divorce. Bish. on Mar. and Div. § 562, and authorities cited. The District Court of Mahaska county having had jurisdiction of the cause, both as to divorce and alimony, its judgment therein is binding upon the parties. It will be borne in mind, as shown by the statement preceding this opinion, that the plaintiff, in the action for divorce and alimony, specially described the land as the property of the defendant, and asked a specific lien thereon for the satisfaction of her claim for alimony. This was allowed and adjudged by the court. That judgment fixed the rights of the parties to the land, as between themselves, and gave to the plaintiff in that action a lien upon it for the payment of her alimony.

Service of notice by publication may be made in actions

for divorce. Rev. § 2831, subdiv. 8. Alimony is an incident to divorce, and can only follow it, and the statute authorizing service of notice by publication in an action for divorce, cannot fairly be construed to limit the power of the court, where service is thus made, to simply granting a divorce. It has jurisdiction of the *cause*, and may make all proper orders as to alimony, the custody of children, etc., which are incident to the divorce. Of course, its orders as to alimony, when the service is by publication, would be binding only so far as the subject matter out of which the alimony thus allowed was within its jurisdiction. If the court, upon such service, should render a judgment for so many dollars as alimony, such judgment would not be held conclusive, and, perhaps, not even valid in a foreign jurisdiction. *Darrance* v. *Preston*, 18 Iowa, 396. The filing of a petition affecting real estate creates a *lis pendens* under our statute. Rev. §§ 2842, 2843.

II. As we have already seen, the judgment allowing to Mary E. Harshberger a lien upon the land for her alimony was valid and binding, as between herself and her husband, the defendant in that action. All the interest he had in the land, then, was the ownership of it, subject to such lien. And we have frequently held that an attaching creditor acquired no better right to the property attached, than the defendant had when the attachment took place. *Norton, etc.,* v. *Williams*, 9 Iowa, 528; *Bell* v. *Evans*, 10 id. 353; *Thomas* v. *Hillhouse*, 17 id. 67; see also, Drake on Attachment, § 223. The attaching creditor, therefore, only acquired a lien upon the title held by C. M. Harshberger; and that title was subject to the lien of the judgment for alimony.

It is objected further, that the evidence contained in the transcript does not show that C. M. Harshberger, the defendant in this action, is the same person as Christopher

Harshberger, the defendant in the action for divorce. The District Court found that it was the same person, and as there is no showing in the transcript that we have all the evidence, such finding is conclusive upon us.

· Affirmed.