## TWING v. O'MEARA.

1. **Divorce:** ALIMONY: JURISDICTION. Where upon proper notice by publication the District Court obtained jurisdiction of a divorce proceeding, it thereby obtained jurisdiction of the cause for *all purposes*, including the allowance of alimony, so far as the subject-matter out of which the allowance was made was within the jurisdiction of the court.

2. ———: ———: ATTACHMENT. In such a case, where an attachment was issued without any statutory ground therefor being stated in the petition and without the execution of an attachment bond, and on the hearing of the cause the attached property was awarded to the divorce plaintiff as alimony. *Held*—

   1. That the irregularity in the attachment could not be collaterally attacked by the divorce defendant in a suit against the grantee of the divorce plaintiff to quiet the title to the property.
   2. That the only effect of the attachment was to prevent the divorce defendant from alienating the property before a decree could be obtained, and that the title of the divorce plaintiff to the property was based wholly on the decree, and not at all on the attachment.
   3. That it was competent for the court to set apart to the divorce plaintiff a specific portion of the divorce defendant's real estate as alimony.

3. ———: ———: JURISDICTON: PRACTICE. Where the divorce petition prayed only for such alimony as might be deemed equitable, *held* that the court had jurisdiction to set apart as alimony the specific property, although it was not particularily described and prayed for in the petition.

*Appeal from Scott District Court.*

THURSDAY, SEPTEMBER 21.

THE plaintiff filed a petition alleging "That he is the fee simple owner of the north half of lot 2, in block No. 5, McIntosh's 2d addition to Davenport, and that, as he is informed and believes, the defendant, O'Meara makes a claim on said real estate adverse to said estate of your petitioner; that, theretofore, to-wit: on the 8th day of November, 1880, one Elizabeth H. Twing made and delivered her warrantee deed to said premises to defendant, which was on the 15th day of November recorded in book 40, town lot records of said county; that all the right, claim and title that said Elizabeth had to said property was obtained through a proceeding in the Circuit Court of Wapello county; that on the 7th day of January, 1879, she filed in the office of the clerk of Wapello county, Iowa, her petition against your petitioner for divorce and alimony and attachment as shown by certified copy of said petition with indorsements hereto attached and made part hereof, marked exhibit 'A.' That said petition was by said Elizabeth presented to the judge of the second judicial circuit of Iowa and by him indorsed before filing as follows:

" 'Let writs of attachment issue as prayed for the sum of two thousand two hundred dollars, as by law provided

ROBERT SLOAN, *Judge.*'

" And afterwards on the 7th day of January, 1879, said plaintiff in divorce suit caused to be issued by clerk of Circuit Court of Wapello county a pretended writ of attachment directed to the sheriff of Scott county, as shown by copy hereto attached and made a part hereof, which writ came into the hands of the sheriff of Scott county January 9th, 1879, who levied the same upon the aforesaid real estate, all of which appears by indorsement on said writ hereto attached and marked exhibit "B." That on the 8th day of January, 1879, plaintiff in divorce proceedings caused notice to be published, duly and legally done, for the proper time, 'in

which petitioner asks a decree of divorce and for alimony against you; also asks an attachment against your property; and for cause charges adultery;' that proof of publication was duly made and filed March 12th, 1879. On the 13th day of March, being the fourth day of March term, said cause was by said court heard and decree entered in words and figures as set out in copy hereto attached, marked exhibit 'C' which decree was by the clerk of said court certified to the clerk of the District Court of Scott county and by him entered on the records of said court.

"Your petitioner shows the fact to be that he had no notice of the pendency of said cause; that all the notice that was given was by publication as aforesaid, and that he made no appearance, and no one appeared for him; and that the findings of said court are untrue, both as to causes for divorce and amount of property owned by him at the time; and your petitioner further shows that no bond was filed before or after the issuing of the pretended writ of attachment, nor was any order made by the court or judge that attachment issue without filing the bond required by law; nor was any other order made than that on the petition and herein set out; nor was any lawful cause for an attachment set out in the petition. And your petitioner further shows that said real estate was not described and set out in the petition of plaintiff in divorce proceedings, so as to bring the same before the court; nor was it set out and described in the pretended writ of attachment. Wherefore your petitioner says said writ was not a specific attachment, as contemplated in such cases made and provided.

"And your petitioner further shows that the relief granted in the said decree exceeded that which was demanded in the petition, in that no demand was made for the transfer of the said real estate. Wherefore petitioner shows that said attachment was issued in violation of law, and in violation of the order of said judge, and the same was void from the beginning, of no force or effect whatever, conferred no power or au-

thority upon the sheriff of Scott county, and that any act under it is utterly void; that said real estate was not within the jurisdiction of said Circuit Court at the time of the making and entering of said decree, either by virtue of the petition, pretended attachment, service, or the notice as referred to in said cause, so that said court had not the power to divest your petitioner of the title to said real estate, and to invest in plaintiff in divorce proceedings the title thereto, and that no title was by said proceedings invested in said Elizabeth H. Twing, and that no title passed by her said deed from her to the defendant Thomas J. O'Meara, but only forms a cloud on the title of your petitioner. Wherefore petitioner prays that said O'Meara be made party defendant; that his pretended claim be removed from said premises as a cloud upon the title of petitioner, and the same be held invalid and of no effect; that he be barred and estopped from having or claiming any right, title or interest, in said premises adverse to petitioner, with judgment for cost and such other relief, etc."

The petition in the divorce proceeding referred to in the foregoing as exhibit "A" alleges that the defendant did, on or about the 26th day of October 1878, and at divers times, commit the crime of adultery, and that on October 26th, 1878, he deserted petitioner and left the State of Iowa; that defendant owns a house and lot in the city of Davenport, Iowa, to-wit: Lot No. — worth, probably, six hundred dollars. She further states that as she believes defendant is about to dispose of his property to defraud her. She therefore asks that an attachment be issued to the sheriff of Scott county, Iowa, where defendant owns property and where rents are coming in his favor; also that a writ of attachment be directed to the sheriff of Wapello county, Iowa, that debts due defendant may be attached. It is further alleged that the defendant, Alonzo L. Twing has absconded from the State of Iowa, so that personal service cannot be made on him in this State.

The petitioner prays that the bonds of matrimony exist-

ing between her and defendant may be dissolved, and that she have a decree for such alimony as may be deemed equitable; and she states that such reasonable sum would be at least twenty-five hundred dollars. Exhibit "B" attached to the petition is an attachment in due form, with a return thereon, showing that it was levied upon the property in controversy. The decree of divorce, a copy of which is attached to the petition, finds that the petitioner is entitled to two thousand dollars alimony and vests in her the title to the real estate in controversy, the value of which is found to be six hundred dollars.

The defendant filed a demurrer to the petition, which was sustained. The plaintiff refused to amend and elected to stand upon his petition, and judgment was entered against him for costs. The plaintiff appeals.

*D. P. Stubbs*, for appellant.

*S. E. Brown* and *A. W. Ford*, for appellee.

DAY, J.—The appellant insists that the judgment decreeing the property in question to Elizabeth Twing is void and may be collaterally attacked, because no statutory ground of attachment is stated, and because no attachment bond was executed. We are of the opinion, however, that the court would have been justified in decreeing the property to Elizabeth Twing as alimony if no attachment had been procured. There was no necessity whatever for the attachment, except to prevent the defendant in that action from aleinating his property before a decree could be obtained. The petition in this case concedes that notice of the divorce proceeding was duly and legally published. Section 2618 of the Code authorizes service by publication in an action for divorce where the defendant is a non-resident of the State of Iowa, or his residence is unknown. Section 2229 of the Code provides that, when a divorce is decreed, the court may make such order in relation to the children, property, par-

ties, and maintenance of the parties, as shall be right and proper.

In *Harshberger v. Harhsberger*, 26 Iowa, 503, it is said "service of notice of publication may be made in actions for divorce. Alimony is an incident to divorce, and can only follow it, and the statute authorizing service of notice of publication, in an action for divorce, cannot fairly be construed to limit the power of the court, when service is thus made, to simply granting a divorce. It has jurisdiction of the *cause*, and may make all proper orders as to alimony, the custody of children, etc., which are incident to the divorce. Of course its orders as to alimony, when the service is by publication, would be binding only so far as the subject-matter out of which the alimony thus allowed was within its jurisdiction. If this court, upon such services, should render judgment for so many dollars as alimony, such judgment would not be held conclusive, and perhaps not even valid in a foreign jurisdiction." In *Harshberger v. Harshberger, supra*, although service of the notice was by publication, the court awarded the plaintiff alimony and made it a lien upon the real estate of the defendant situated in another county. This case is decisive of the question that when notice is served by publication the court acquires jurisdiction to allow alimony. That it is competent for the court to set apart to the plaintiff a specific portion of the defendant's real estate as alimony, see the following cases: *Jolly v. Jolly*, 1 Iowa, 8; *Inskeep v. Inskeep*, 5 Id., 204; *Cole v. Cole*, 23 Id., 433; *McEwen v. McEwen*, 26 Id., 375; *Zuver v. Zuver*, 36 Id., 190.

It is urged that the property is not described in the petition for divorce, and that the plaintiff did not pray that this specific property should be set off to her as alimony. In our opinion neither of these things is essential to the jurisdiction of the court. In the divorce proceeding the plaintiff asked that she have a decree for such alimony as may be deemed

equitable. This prayer was sufficient to authorize the court to give the relief granted in the case.

In *Zuver v. Zuver, supra,* it was held that alimony could be granted even when there was no prayer for it. In our opinion the demurrer to the petition was properly sustained.

AFFIRMED.