## BUNNELL *v.* BUNNELL and others.

*(Circuit Court, E. D. Michigan.* October 12, 1885.)

DIVORCE—SERVICE BY PUBLICATION—DECREE FOR ALIMONY—SEQUESTRATION OF ESTATE—STATE STATUTE.

A state statute permitted its courts, in suits for divorce, to award alimony, and to sequestrate the property of the defendant within the jurisdiction, and appropriate the same to the payment of the alimony. *Held,* that this statute did not apply where the defendant was called into court by publication, and that a decree for alimony against a defendant not personally served with process was void for want of jurisdiction.

In Equity. On pleadings and proofs.

This was a bill to set aside certain conveyances of real estate made by the defendant Miron Bunnell to his daughter, Ada, which are alleged to be in fraud of the rights of the plaintiff, the former wife of Miron Bunnell, who had procured a divorce, and a decree for alimony against him. The bill, which was originally filed in the circuit court for the county of Bay, set forth the marriage of the plaintiff with the defendant on August 7, 1880; the birth of a child in July, 1882; and the filing of a bill for divorce on April 21, 1883, upon the ground of cruelty and non-support. The bill further alleged that a short time prior to the filing of the bill for divorce the defendant absented himself from the state and went to Minnesota, and that because of such absence no personal service was had upon him, and that he did not appear in the suit for divorce, but was brought into court by publication; that on the fourth of March, 1884, a decree was rendered dissolving the marriage, awarding the complainant the custody of their child, and adjudging that the defendant should pay to the complainant the sum of $5,000 alimony, with costs of suit, and that if he failed to pay such alimony within 45 days after service of notice of the decree, a commission should issue to a sequestrator, with the usual powers of a receiver, to sequestrate the real and personal estate of the defendant within the jurisdiction of the court, and to receive and collect the rents, issues, and profits of the real estate, to be applied to the payment of her alimony; that the defendant having failed to pay the alimony after notice of the decree, plaintiff filed a petition for the appointment of a receiver to collect the rents and profits of his property, and that one Fitz Hugh was appointed sequestrator under the statute, with the powers of a receiver, but that the parties in possession refused to attorn to him, claiming that they were renting the property from the defendant Ada Bunnell; that a short time before the filing of her bill complainant had discovered that the said Miron Bunnell had assumed to convey to his daughter all of his property within the jurisdiction of the court by deed dated April 14, 1883, and placed upon record about three hours after the filing and recording of the complainant's notice of *lis pendens*. The bill further averred the fraudulent character of these deeds, and prayed that they might be set aside and canceled, and the property applied to the payment of her alimony. The defendant Miron Bunnell did not appear. The answer of Ada Bunnell denied the fraud, and claimed the rights of a *bona fide* purchaser.

*A. McDonell*, for plaintiff.

*Mr. Gillett* and *H. H. Hatch*, for defendant, Ada Bunnell.

BROWN, J. The right of the plaintiff to recover in this case depends largely upon the validity of the decree of the circuit court for the county of Bay awarding the complainant alimony, and ordering the sequestration of the defendant Miron Bunnell's property for her benefit. At the time the original bill for divorce was filed, de-

fendant was living in the state of Minnesota, and no personal service upon him was ever obtained. This bill, after setting forth her grounds for divorce, and her want of means to support herself, averred the ownership by defendant of the property in question, and prayed for an injunction restraining its transfer, and for alimony "out of the real and personal estate of the defendant." A notice of *lis pendens* was filed the same day the bill was filed, which was also the same day upon which the deeds from the defendant Miron to his daughter, Ada, were filed, which is the object of this suit to set aside. No further attempt was made to reach the property, or obtain jurisdiction over it, until after the decree. Defendant was called into court by publication in the usual form. The decree, which was rendered on the fourth day of March, 1884, dissolved the marriage relation, awarding to the plaintiff the custody of her child, and alimony in the sum of $5,000; and further ordered that, in case defendant should fail to pay the alimony or costs within 45 days after notice of the decree, a sequestrator should be appointed, with the usual powers of a receiver, to sequestrate the real and personal estate of the defendant within the jurisdiction of the court, and to receive and collect the rents, etc., and to bring them into court, to be applied to the payment of alimony and costs. A sequestrator was subsequently appointed, but the tenants of the property refused to attorn to him, and this bill was filed.

That the decree in the divorce suit, in so far as it purported to be a personal decree against the defendant for alimony and costs, is void, can admit of no doubt. In the absence of personal service upon the defendant within jurisdiction of the court, no court has power to render a judgment *in personam* which can be the subject of an action or the basis of an execution. To render a valid judgment, a court must obtain jurisdiction either of the person or property of the defendant within its jurisdiction. If jurisdiction of the person be obtained by personal service of process, the judgment will be valid the world over. If jurisdiction be obtained by seizure of property, the judgment will be valid only as it respects that property, and within the jurisdiction of the court rendering it. Freem. Judgm. 564, 588; *Bischoff* v. *Wethered,* 9 Wall. 812; *Outhwite* v. *Porter,* 13 Mich. 533; *Tyler* v. *Peatt,* 30 Mich. 63; *Booth* v. *Connecticut Mut. L. Ins. Co.,* 43 Mich. 299; S. C. 5 N. W. Rep. 381; *McEwan* v. *Zimmer,* 38 Mich. 765.

It is claimed, however, that by virtue of a special statute of this state the court has power to render a decree for alimony, and to enforce the same against the property of the defendant within its jurisdiction. The statute in question enacts (2 How. St. 6245) "that upon every divorce from the bond of matrimony, * * * if the estate and effects awarded to the wife shall be insufficient, * * * the court may further decree to her * * * such alimony out of his estate, real and personal, * * * as shall be deemed just and

reasonable." Section 6247: "In all cases where alimony or other allowance shall be decreed to the wife or children  *  *  *  the court may award execution for the collection of the same, or the court may sequestrate his real or personal estate, and may appoint a receiver thereof, and may cause such personal estates, and the rents and profits of such real estate, to be applied to the payment thereof." In terms, the act applies to all cases where alimony is decreed; but it ought to be construed in harmony with the general principle above stated, that a personal decree can only be supported by a personal service of process. The act makes no provision for proceeding against the property pending the suit for divorce, and the sequestration can only take place after the decree is rendered. If the wife were treated as having an inchoate lien upon the property for alimony, and were allowed to proceed as an attaching creditor when her bill is filed, the suit might then partake of the nature of a proceeding *in rem*, and a decree for alimony be enforced against the property itself. That a proceeding of this kind would be respected is apparent from the opinion of the supreme court in *Cooper* v. *Reynolds*, 10 Wall. 308, where the validity of a judgment and execution under the attachment laws of Tennessee was drawn in question. In this case it was held that the jurisdiction of the *res* was obtained by a seizure under process of the court, whereby it was held to abide such order as the court might make concerning it; but that the court could not proceed in such a suit unless the officer found some property of the defendant upon which to levy his writ of attachment. "A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court." It was further said that the seizure of the property, or the levy of the writ of attachment upon it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*. If jurisdiction be once obtained in this way, then defects and irregularities in the affidavit and publication of notice, though they might be fatal to the judgment upon a writ of error, do not render it void in a collateral proceeding.

The distinction between cases where jurisdiction is acquired by a seizure of the *res* at the time the suit is begun, and those wherein a personal judgment against a party not served with process is attempted to be enforced against property within the reach of the court, is clearly stated in *Pennoyer* v. *Neff*, 95 U. S. 714. In this case one Mitchell brought suit against the defendant, Neff, and, failing to obtain service against him within the state, called him into court by publication under a statute of Oregon, which provided that in case service of a summons could not be made, and defendant could not be found within the state, the court might order service to be made by publication of the summons. Judgment having been obtained and levied upon the property of the defendant within the state, the property was sold upon execution by the sheriff and bid in by the

plaintiff, Pennoyer. The court held that the judgment, being personal in its character, was without validity, and did not authorize the sale of the property in controversy. The plaintiff assumed the position that where the defendant has property within the state it is immaterial whether it is in the first instance brought under the control of the court by attachment or some other equivalent act, and afterwards applied by its judgment to the satisfaction of the demands against the owner, or the demand be first established in a personal action, and the property of the non-resident be afterwards seized and sold on execution. But the court held that the jurisdiction of the court to inquire into and determine the obligations of the defendant was only incidental to its jurisdiction over the property. Its jurisdiction in that respect could not be made to depend upon facts to be ascertained after it had tried the cause and rendered the judgment. "If the judgment be previously void, it will not be valid by the subsequent discovery of property of the defendant, or by his subsequent acquisition of it." "The judgment, if void when rendered, will always remain void." It cannot occupy the doubtful position of being valid if property be found, and void if there be none. " *    *    * Substitute service by publication, or in any other authorized form, may be sufficient to inform parties of the object of the proceeding taken, where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale." Other cases much to the same effect are *Madden* v. *Fielding,* 19 La. Ann. 505; *Ellison* v. *Martin,* 53 Mo. 575; *Prosser* v. *Warner,* 47 Vt. 667.

It is true that in one or two more recent cases it has been suggested that possibly a different rule would be applied if the defendant were a resident of the state temporarily absent, instead of a non-resident, and this distinction was actually made in *Beard* v. *Beard,* 21 Ind. 321. But this suggestion, if adopted, would be of no service to the plaintiff in this case, since, although the bill for divorce and the affidavit of publication allege the defendant to be still a resident of this state, temporarily absent in Duluth, the depositions clearly show that he removed with his family and household effects in May, 1882, nearly a year before the bill was filed, and has ever since made that place his home. Upon the whole, it seems to us that the case of *Pennoyer* v. *Neff* is decisive of the one under consideration. There is no attempt to sequestrate the property of the defendant until after decree, nor does the statute make provision for any such proceeding. The filing of the notice of *lis pendens* did not operate to create a lien upon the property, much less to bring it within the jurisdiction of the court so as to make the suit a proceeding *in rem.*

I have come very reluctantly to the conclusion that the decree of the circuit court for the county of Bay, in so far as it purports to award the complainant alimony, and to sequestrate the property of the defendant for the payment of the same, is void for want of jurisdiction.

The view we have taken of this branch of the case renders it unnecessary to consider the other questions as to the standing of the plaintiff and the fraudulent character of the conveyance. A decree will be entered dismissing the bill.