## JENNIE B. SMITH *v.* FRANK SMITH.

October Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, START and STAFFORD, JJ.

Opinion filed November 29, 1901.

*Divorce—Service of process—Publication—Alimony—*
*Jurisdiction.*

In divorce proceedings the court has no jurisdiction to decree the payment of money as alimony, where the petitionee is a non-resident, has no notice except by publication, and does not appear.

Where a non-resident petitionee, who has no notice except by publication and who does not appear, is entitled, as legatee, to money in the hands of a resident executor, the court has no jurisdiction to require the payment of such money to the petitioner as alimony, though it has been decreed to the petitionee by the probate court and an injunction granted in the divorce proceedings prohibiting its payment to the petitionee.

PETITION for divorce, with prayer for alimony. Bill granted at the December Term, 1900, Orange County, *Watson,* J., presiding. Heard in vacation thereafter on question of alimony, and order therefor denied. The petitioner excepted.

*M. M. Wilson* for the petitioner.

The failure to obtain personal service on the libellee, and his failure to appear, are no bar to a decree in the nature of a judgment *in rem.* By the decree of distribution, E. W. Smith, who is within the jurisdiction of the court, has become the debtor of the libellee. *Foster* v. *Foster,* 56 Vt. 540. The *lex loci rei sitae* with reference to creditors, is the locality of the debtor. 2 Kent 406; 25 Vt. 523, and cases cited.

The libellee could sue for and recover the funds in the courts of this state. *Hoyt* v. *Christie,* 51 Vt. 48.

The court has jurisdiction of a fund in the hands of a resident. *Woodruff* v. *Taylor,* 20 Vt. 65; *Price* v. *Hickok,* 39 Vt. 292; *Hoyt* v. *Mott,* 62 Vt. 355; Story on Conflict of Laws, s. 550; 1 Freeman on Judgments, s. 120.

*E. W. Smith* (by leave of the court) *pro se.*

In the absence of personal service, the power of the court over the property of the libellee, even though it be in the state, is confined to such as is seized and brought before the court by the proceedings. *Prosser, et ux.* v. *Warner,* 47 Vt. 670; 1 Ency. Pl. & Pr. 413; *Lyndoc* v. *Chute,* 45 Minn. 277; *McKinney* v. *Collins,* 88 N. Y. 216; Cooley Const. Lim. 499; *Pennoyer* v. *Neff,* 5 Otto 714; *Brunnell* v. *Brunnell,* 25 Fed. R. 214.

In this case the fund was not brought before the court. It was not seized or attached. Its payment to the libellee was enjoined, but this merely held it until the rights of the parties could be determined. Spelling on Ex. Relief, Art. 1.

The fund is not in Vermont at all. It is subject to the orders of the probate court of New Hampshire. Frank Smith could not sue for it in Vermont. V. S. 2553 only applies to administrators appointed in Vermont.

START, J. The court below held that it did not have jurisdiction to decree the payment of money to the libellant as alimony. This holding was correct. The process was not served upon the respondent in this state, and he did not appear in the cause by himself or attorney. The only notice of the pendency of the libel was by publication, under V. S. 2682. This did not give the court jurisdiction of the person of the respondent, or of his estate that was not brought under the control of the court by the process. A decree for the payment of money as alimony is a decree *in personam,* and is void without personal service upon the respondent, or without his appearance. In *Rigney* v. *Rigney,* 127 N. Y. 408, 28 N. E. 405,

24 Am. St. Rep. 462, it is held that although a suit for a divorce is in the nature of a proceeding *in rem,* or *quasi in rem,* in so far as it affects the marital *status* of the parties, as to alimony and costs it is a proceeding *in personam,* and that an award of alimony and costs against a non-resident defendant, who was not served with process within the jurisdiction, and did not appear in the action, does not bind him. In 1 Ency. Pl. & Prac. 413, numerous cases are cited in support of the rule that, although a divorce *ex parte* may be obtained on constructive service, no alimony can be decreed unless the defendant appears in person or by attorney, or has been duly served with process within the jurisdiction of the court.

In common-law actions it is held that a money judgment against a non-resident, without service of the process upon him in this state, or appearance, is inoperative, except for the purpose of subjecting the property attached on the original writ to execution. *Price* v. *Hickok,* 39 Vt. 292. A decree for the payment of money as alimony stands on no different ground, but is governed by the principles that control in an ordinary judgment for the recovery of money. *Prosser* v. *Warner,* 47 Vt. 667, 19 Am. Rep. 132. Judge Cooley says that in divorce cases, no more than in any other, can the court make a decree for the payment of money by a defendant not served with process, and not appearing in the case, which should be binding upon him personally. It follows in such cases that the wife, when complainant, cannot obtain a valid decree for alimony, nor a valid judgment for costs. Const. Lim. (6th Ed.) 499.

It appears that E. W. Smith, a resident of this state, as executor of an estate situate in the state of New Hampshire, under an appointment of the probate court for the state of New Hampshire, has in his hands money which has been decreed to the respondent as his distributive share of the estate; and

the libellant's counsel contends that the court has jurisdiction to decree the payment of this money. This contention is not sound. The court had no more power to decree the payment of this money than it had to decree a payment of money found to be in the hands of the respondent. The executor was not a party to the action; and, if he had been, the court would have had no authority to order a payment of money by him that would bind or protect him. There is no provision by law by which the executor could have been made a party to the action, or the money in his hands brought within the control of the court. The statute relating to divorce and alimony does not authorize the bringing of money due and owing to a respondent in divorce proceedings within the control of the court by attachment, trustee process, or otherwise. It only provides for an injunction, the effect of which is to subject the respondent who is within the jurisdiction of the court, and has notice, to punishment if he disobeys it, and to provide for a lien upon his real estate and stock in private corporations. V. S. 2688, 2689.

The injunction order that was issued prohibited the payment of, or transfer of, the money in the hands of the executor; but this did not have the effect to seize and bring the money within the control of the court, and the court could make no decree concerning it. There was no money brought within the control of the court. The process was not served on the respondent, and he did not appear. Therefore the court did not have jurisdiction to decree the payment of any money as alimony. *McKinney* v. *Collins,* 88 N. Y. 216; *Bunnell* v. *Bunnell,* (C. C.) 25 Fed. 214; *Lydiard* v. *Chute,* 45 Minn. 277, 47 N. W. 967; *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565; *De La Montanya* v. *De La Montanya,* 112 Cal. 101, 44 Pac. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165.

*Judgment affirmed.*