ELIZABETH M. REA, Appellant, v. DELTA D. REA. AND ELIZABETH REA.

Divorce: ALIMONY: JUDGMENT AGAINST NONRESIDENT. A judgment
1   for alimony, in a divorce proceeding, against a nonresident who has neither appeared nor been personally served with notice in this state and who has no property within the state, is invalid.

Void Judgment: CONFIRMATION. The court has no power, under
2   Code, section 3796, to confirm a judgment, void for want of jurisdiction, nor will appearance under a motion to set the judgment aside and for a retrial confer jurisdiction and authorize a confirmation.

*Appeal from Lee District Court.*—HON. W. S. WITHROW, Judge.

TUESDAY, MARCH 8, 1904.

VOL. 122 IOWA —16.

On the 5th day of October, 1898; a decree was entered in the district court of Lee county, at Keokuk, divorcing this plaintiff from the defendant, Delta D Rea; and, although the notice was by publication only, she was allowed alimony in the sum of $20,000, for which a personal judgment was entered. On the 1st of October, 1900, the defendant moved for a retrial, and that the judgment be set aside, and in support of the motion showed that he had applied for a divorce in South Dakota; that this plaintiff appeared and filed answer demanding alimony; and that decree was entered, without alimony, as prayed, December 9th following, no evidence having been introduced in behalf of this plaintiff. A bond of $200 was required as a condition precedent to ordering a new trial, and, as the defendant therein, after several extensions of time, failed to furnish it, the court, on motion of plaintiff, entered a decree October 5, 1900, confirming the judgment for alimony. In the petition the plaintiff alleged that some years ago the judgment defendant conveyed two tracts of improved real estate situated in Louisville, Ky., to the defendant, Elizabeth Rea, which she holds as trustee for him, and prayed that said property be subjected to the payment of the judgment. On hearing the court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*James H. Anderson* and *James C. Davis* for appellant.

*J. E.* and *T. A. Craig* and *Chas. T. Laybourne* for appellees.

LADD, J.—The defendant Elizabeth Rea only was served with notice and defends. She pleaded to the jurisdiction of the court, and, this being overruled, omitted to file

1. ALIMONY: judgment against non-resident.

any farther answer. Had no evidence been adduced, there might have been something in the suggestion that the allegations of the petition should be taken as true. But evidence was introduced from which it conclusively appeared that the plaintiff's judgment was void, and that plaintiff was entitled to no relief.

The service was by publication only, and there was no appearance. True, the statutes authorize decrees of divorce on constructive service. ـSuch proceedings, though not strictly *in rem,* are of that nature, or, as sometimes said, are *quasi in rem,* in so far as they affect the marital status of the parties. As to alimony and costs, however, they are uniformly regarded as actions *in personam,* and all orders or judgments allowing either against a nonresident defendant who has neither appeared nor been served with process in the state where the suit is pending, and has no property therein, are invalid. *Rigney v. Rigney,* 127 N. Y. 408 (28 N. E. Rep. 405, 24 Am. St. Rep. 462); *Prosser v. Warner,* 47 Vt. 667 (19 Am. Rep. 132); *Garner v. Garner,* 56 Md. 127; *Harding v. Alden,* 9 Me. 140 (23 Am. Dec. 549); *Van Storch v. Griffin,* 71 Pa. 240; *Beard v. Beard,* 21 Ind. 321; 2 Bishop on Marriage and Divorce, 159; section 3800, Code. Nor can the judgment be sustained on the theory, as seems to be thought by appellant, that it is merely incidental to the decree of the divorce. Jurisdiction sufficient to support a decree changing the marital status will not necessarily sustain a judgment for alimony or costs. No final process is essential to enforce the decree of divorce, while a money judgment can only be collected by process against defendant or his property. Our statute authorizes the court, in granting the divorce, to enter such orders in relation to the property and maintenance of the parties as shall be right (section 3180, Code), and no doubt can be entertained as to the court's power to appropriate the nonresident's property within its jurisdiction for these purposes. *Harshberger v. Harshberger,* 26 Iowa, 503; *Twing v. O'Meara,* 59 Iowa, 326. In these cases the want of jurisdiction to make such orders, save when the subject-matter is present out of which alimony may be allowed, when the defendant is a nonresident, was clearly recognized.

II. But it is argued that vitality was injected into this void judgment by a ruling on a motion to confirm. The

defendant, in pursuance of the provisions of section 3796
2. VOID judg-  of the Code, moved that the judgment be set
ment: con-
firmation.     aside, and a retrial be granted, alleging, among
other things, that the judgment was void. Thereupon the
plaintiff moved that the decree previously rendered be con-
firmed. These motions came on for hearing November 19,
1900, when the court held that defendant was entitled to a
retrial as to the amount of alimony, but, as a condition pre-
cedent, required the filing of a cost bond in the sum of $200.
Time within which to do so was extended three times, when,
on December 26, 1900, the motion for retrial was overruled,
and the plaintiff's motion "that the decree rendered in this
court heretofore about October 5, 1898, be now confirmed
against the defendant, Delta D. Rea," and an entry made that
the court doth find and adjudge the decree rendered in this
"court in this case on the 5th day of October, 1898, dissolved
the marriage relation theretofore existing between plaintiff
and defendant, and the decree and judgment for twenty
thousand dollars alimony, was proper, and fully disposed of
the subject-matter as to said marriage relation. It is therefore
by the court now ordered, adjudged, and decreed that the mo-
tion of defendant, Delta D. Rea, to set aside the decree and
judgment rendered in this court in this case on the 5th day
of October, 1898, be and is hereby overruled, and plaintiff's
motion to confirm the said decree and judgment for twenty
thousand dollars alimony is sustained, and that plaintiff, Eli-
zabeth M. Rea, thereby have and recover from defendant,
Delta D. Rea, the sum of twenty thousand dollars alimony
and the costs of this suit, taxed at $———, and execution
may issue therefor."

The statute provides that a defendant upon whom ser-
vice is had by publication "may at any time within two years
after the rendition of the judgment appear in court and move
to have the action retried, and security for the costs being
given they shall be permitted to make defense; and there-
upon the action shall be retried as to such defendants as if

there had been no judgment, and upon the new trial the court may confirm the former judgment, or may modify or set it aside." Section 3796, Code. It is apparent from this that only upon permitting a defense does the court acquire jurisdiction to confirm, modify, or set aside the former judg-ment. A trial is contemplated before either can be done. But the court refused a trial, and then proceeded to enter such an order as could only be made as a result of a trial. With the denial of permission to defend, its jurisdiction of the subject-matter ended, and its alleged decree subsequently entered was entirely without authority. Having declined to inquire into the validity of the former decree, the court was not revested with jurisdiction to review its correctness. What was done beyond overruling the defendant's motion was a nullity. Moreover, the statute quoted does not contem-plate judgments rendered without jurisdiction, but those only which are authorized on service of notice by publica-tion. When a judgment is void it may be assailed at any time, and by any person in whose way it is an obstacle, and the court might well have set this aside without exacting a cost bond. Nor did the appearance to file the motion after judgment confer jurisdiction retrospectively. *Moore v. Wat-kins,* 1 Ark. 268; *Gray v. Hawes,* 8 Cal. 562; *Briggs v. Sneghan,* 45 Ind. 14; *State v. Cohen,* 13 S. C. 198; *Shaw v. Rowland,* 32 Kan. 154 (4 Pac. Rep. 146). The only decis-ion to the contrary is *Curtis v. Jackson,* 23 Minn. 268, and that was subsequently overruled by *Godfrey v. Valentine,* 39 Minn. 336 (40 N. W. Rep. 163, 12 Am. St. Rep. 657), in which the court said: "The course of the moving party in thus seeking to have a void judgment set aside—to which re-lief he is entitled as a matter of right—but at the same time consenting and asking that the court shall now hear and ad-judicate upon the cause, may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the fu-

ture action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void and in legal effect a nullity." Of necessity the motion to confirm was contingent upon a retrial, without which the court had no jurisdiction to inquire into the merits of the action or the judgment entered.— AFFIRMED.