HOOD, administratrix, *v.* HOOD.

A judgment in personam for temporary alimony and attorney's fees can not be lawfully rendered in a divorce suit brought against a non-resident husband, who is not served with process within this State, and does not appear in the case, but is only constructively served by publication.

Argued February 6,—Decided May 13, 1908.

Garnishment. Before Judge Reagan. Pike superior court. April 4, 1907.

Mrs. Sallie Hood brought, in the superior court of Pike county, Ga., a petition for divorce against her husband, Frank E. Hood, who, the petition alleged, formerly resided in that county, but was then "a resident citizen of the State of Texas." It was also alleged in the petition, that the defendant was a son of James Hood, deceased, who, plaintiff was informed, died intestate, leaving an estate of realty and personalty in Pike county; that Mrs. Rosa Hood was the duly qualified administratrix upon such estate, and that the defendant, as an heir at law of James Hood, would be en-

titled to a distributive share of such estate, when the same should be duly administered and ready for distribution. The petition prayed, that the defendant be enjoined from disposing of or incumbering his interest in his father's estate, that the administratrix be enjoined from paying to him, or to any one for him, any portion of his distributive share in that estate, and "that a reasonable provision for permanent alimony be made for the support of plaintiff out of the interest and distributive share of said defendant in . . the estate of James Hood." No process, however, was prayed against the administratrix, nor was she in any way made a party to the case. An order was passed by the judge that service be perfected upon the defendant, as a non-resident, by publication. This order was dated October 2, 1905. On April 2, 1906, at the April term of the court, the petition was amended, by asking for $100 as counsel fees, and "a reasonable amount as temporary alimony during the pendency of said suit." There was no appearance by the defendant in the case, but, upon the same date that the amendment to the petition was allowed, the judge, upon ex parte hearing of the application for temporary alimony and attorney's fees, "adjudged that the plaintiff . . have judgment against the defendant . . for $20 per month, from this date, as temporary alimony," to continue while the case should be pending in court, and for $100 as attorney's fees. On September 20, 1906, the plaintiff procured the issuance of summons of garnishment, based upon this judgment and directed to the administratrix upon the estate of James Hood. The administratrix answered, admitting that she was indebted to Frank E. Hood, the defendant in the divorce proceeding, in a stated amount. This answer was traversed by the plaintiff, and at the April term, 1907, the issues in the garnishment case were, by agreement of counsel, submitted to the court without the intervention of a jury. The plaintiff introduced the record in the divorce proceeding, including the judgment for temporary alimony and attorney's fees, and other evidence. The court found that the administratrix had in her hands $409.29, as the defendant's distributive share in the estate of J. W. Hood, deceased; and ordered and decreed that the plaintiff recover from the garnishee $220. To this judgment the garnishee excepted, on the grounds, that "Frank E. Hood was a resident of the State of Texas, as set out in the petition of plaintiff; that service was perfected on him

by publication; that he made no answer; and that the judgment against him was not a valid, binding judgment; that his property could not be taken under it, ·as it would be doing so without due process of law;" and that for these reasons the garnishee "would not be protected in paying over'the money in her hands as administratrix, belonging to said Frank E. Hood."

*E. F. Dupree,* for plaintiff in error. *J. F. Methvin,* contra.

Fish, C. J. (After stating the facts.)

The question as to the validity of a judgment in personam rendered by a court of this State against a resident of another State, without personal service upon, or appearance by, the defendant, came up for consideration and decision at an early date in the history of this court, in the case of *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497 (48 Am. D. 300), in which there is a luminous and able discussion of the subject by Nisbet, J., who delivered the opinion of the court. It was there held: "The courts of this State have no extra-territorial jurisdiction, and can not make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent." "A judgment in personam, rendered against an inhabitant of a foreign State, in a cause wherein he did not appear, although notice was served upon him by publication, under the 2nd rule in equity," was "held to be a nullity as to him." The question was again before the court, in *Adams* v. *Lamar,* 8 *Ga.* 83, wherein the same learned judge delivered the opinion, and in which the principles announced in the *Dearing* case were restated and followed. There are subsequent decisions of this court to the same effect, among them being *King* v. *Sullivan,* 93 *Ga.* 621 (20 S. E. 76), wherein the case of Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565), which is perhaps the leading case upon the subject in this country, was cited and followed, "in which it was held that a personal judgment, rendered by a State court against a non-resident of the State, in an action upon a money demand,'was without validity, where the defendant was served by publication, but upon whom no personal service of process within that State was made, and who did not appear." See also *Reynolds & Hamby Co.* v. *Martin,* 116 *Ga.* 495 (42 S. E. 796). Although this court has never positively decided that this principle is applicable to a judgment for alimony, rendered in a divorce suit against a non-resident defendant, in which

there was neither personal service upon, nor appearance by, the defendant, it strongly intimated as much in *Fleming* v. *West*, 98 *Ga.* 778 (27 S. E. 157), where the question was presented and discussed, but the decision was finally based upon the proposition that a decree for divorce and permanent alimony could not be granted at the first term after service by publication upon a non-resident defendant. In the opinion, delivered by Chief Justice Simmons, it was said: "If he [defendant] was a non-resident of the State, service could be made by publication . . ; but while service of a non-resident of the State by publication, if made conformably to the statute, would be sufficient to give the court jurisdiction of the defendant so far as to authorize a decree for divorce, it has been held that it would not give jurisdiction so far as to authorize also a decree for alimony; that while the decree in such a case is in rem in so far as it adjudicates as to the marital status, yet if it undertakes as an incident of the divorce proceeding to deal with property rights of the defendant, it becomes in that respect a proceeding in personam, and although it is competent for the legislature to authorize the courts to render a judgment for alimony upon constructive notice, as against citizens of the State, it is not competent to do so as against non-residents of the State. See 2 Bishop, Marriage, Divorce and Separation, §35 et seq., §§78, 79; Doerr *v.* Forsyth, 50 Ohio St. 726 (35 N. E. 1055, 40 Am. St. R. 703), and cases cited in notes." This is in accordance with the well-established general rule which uniformly obtains in other jurisdictions, and which is laid down by text-writers who have discussed the subject. In *Stallings* v. *Stallings*, 127 *Ga.* 464 (8), (56 S. E. 469, 9 L. R. A. (N. S.) 593), it was held, that "Service of an application for temporary alimony pending a suit for divorce and permanent alimony must be personal;" but in that case the petition in the divorce proceeding alleged that the legal residence of the defendant was within this State, but that he was without this State and would remain so for an indefinite period of time; and it was accordingly held that service could not be perfected upon him as a non-resident. It was held, though, that "A judgment for alimony is a personal judgment;" citing *Fleming* v. *West*, supra, and other authorities. It seems, however, to have been uniformly held, in other jurisdictions where the question with which we are dealing has arisen, that a purely personal judgment or decree for

alimony, rendered in a divorce proceeding, in favor of a wife against her non-resident husband, who has not been served with process within the State where the suit is instituted, but has been constructively served by publication only, and who has not appeared in the case, is void even in the State where rendered. Smith *v.* Smith, 74 Vt. 20 (51 Atl. 1060, 93 Am. St. R. 882) ; Ellison *v.* Martin, 53 Mo. 575; Anderson *v.* Anderson, 55 Mo. App. 268; Beard *v.* Beard, 21 Ind. 321; Lytle *v.* Lytle, 48 Ind. 200; Sowders *v.* Edmunds, 76 Ind. 123; Elmendorf *v.* Elmendorf, 48 N. J. Eq. 113 (44 Atl. 164) ; Rea *v.* Rea, ·123 Iowa, 241 (98 N. W. 787) ; Johnson *v.* Matthews, 125 Iowa, 255 (99 N. W. 1064) ; Baker *v.* Jewell, 114 La. 726 (38 So. 532) ; Dillon *v.* Starin, 44 Neb. 881 (63 N. W. 12) ; Bunnell *v.* Bunnell, 25 Fed. 214.

In Cooley's Constitutional Limitations (7th ed.), 584-5, the learned author says : "But in divorce cases, no more than in any other, can the court make a decree for the payment of money by a defendant not served with process, and not appearing in the cause, which shall be binding upon him personally. It must follow, in such a case, that the wife, when, complainant, can not obtain a valid decree for alimony, nor a valid judgment ·for costs. If the defendant had property within the State, it would be competent to provide by law for the seizure and appropriation of such property, under the decree of the court, to the use of the complainant; but the legal tribunals elsewhere would not recognize a decree for alimony or costs not based on personal service or appearance. The remedy of the complainant must generally, in these cases, be confined to a dissolution of the marriage, with incidental benefits springing therefrom, and to an order for the custody of the children, if within the State." It has been held, however, in some cases that a decree or judgment for alimony, based upon constructive service only, is valid as against property of the defendant husband which is within the territorial jurisdiction of the court, and is specifically proceeded against in the divorce proceeding and described in the petition for divorce and alimony, and from which the alimony is set apart, or upon which the judgment therefor is decreed to be a lien, it being held that as to such property such a proceeding is in rem. Harshberger *v.* Harshberger, 26 Iowa, 503 ; Twing *v.* O'Meara, 59 Iowa, 326 (13 N. W. 321) ; Wesner *v.* O'Brien, 56 Kan. 724 (44 Pac. 1090, 32 L. R. A. 289, 54 Am. St.

204). See also Rogers *v.* Rogers, 56 Kan. 483 (43 Pac. 779). The ruling in Twing *v.* O'Meara, supra, went even further, for it was there held that if there was property of the non-resident husband within the territorial jurisdiction of the court, it was sufficient if the petition prayed for alimony in the husband's property, without specifically describing it. But in a later case the Supreme Court of the same State held, that a mere personal judgment for alimony, rendered against a non-resident defendant, in a divorce proceeding, upon mere constructive notice by publication, was void, and could not be subsequently validated or rendered effective by granting a judgment on a petition by the original plaintiff asking that it be confirmed and decreed to be a lien on the defendant's share in his deceased father's real estate, situate within the territorial jurisdiction of the court. Johnson *v.* Matthews, supra. In Ellison *v.* Martin, supra, the Missouri court held, that a general judgment for alimony could not be rendered against a defendant upon mere order of publication, not followed by appearance of the defendant; and that the interest of the defendant in certain land in the State of Missouri could not be lawfully sold under an execution issued upon such judgment. There, as in the Iowa case last cited, the mere fact that the defendant had property within the State where the general judgment for alimony was rendered did not make such judgment valid as to such property. In Smith *v.* Smith, supra, the Supreme Court of Vermont not only held that a personal judgment for alimony rendered against a non-resident husband, upon mere constructive service by publication, was void, but also held that the fact that a resident of the State had in his hands money due to the non-resident defendant in the divorce proceeding did not give the court jurisdiction to order such money to be paid to the plaintiff as alimony. And in Bunnell *v.* Bunnell, supra, where the wife's bill for divorce had alleged the ownership by her non-resident husband of described property within the territorial jurisdiction of the court, had prayed for an injunction restraining its transfer, and for alimony "out of the real and personal estate of the defendant," it was held, by the United States circuit court for the eastern district of Michigan, that a statute of that State which permitted its courts, in suits for divorce, to award alimony and sequestrate the property of the defendant within the jurisdiction, and appropriate the same to the

payment of alimony, did not apply where the defendant was called into court by publication; and that a decree for alimony rendered against him was void for want of jurisdiction. In Thurston v. Thurston, 58 Minn. 279 (59 N. W. 1017), it was held, that a wife could maintain, in the State of her domicile, an action for alimony, to be awarded to her out of the property of her husband in that State, and could make any person having possession of the husband's property, or holding title to the same in trust for him, a party to such action, for the purpose of applying the same to the payment of the alimony awarded her, and this would be a sufficient seizure of the property to enable her to proceed by constructive service, against her husband.

In the case with which we are dealing, however, it is perfectly clear that the judgment for temporary alimony and attorney's fees is not, in any sense, a judgment in rem, but is purely a judgment in personam. The court did not have in its grasp any property belonging to the non-resident husband; and did not even attempt to render a judgment, in the nature of a judgment in rem, against any property of the defendant within its territorial jurisdiction. While the petition alleged that the defendant had an interest in the estate of his deceased father, which estate, according to the allegations of the petition, was in the county where the suit was brought, and prayed that the administratrix upon this estate should be made a party to the proceeding, and that permanent alimony should be awarded the plaintiff out of such interest, no effort was actually made to bring this interest of the defendant, in such estate before the court. The administratrix was not made a party to the case, and process was not even prayed against her. Whether she could, under the laws of this State, have been made a party to the proceeding, for the purpose indicated in the petition, and whether, if she had been, the distributive share of the non-resident husband in the estate of his deceased father, in her hands as administratrix, could have been reached by a judgment for temporary alimony, it is useless to inquire. It appears from the opinion in Smith v. Smith, supra, that this could not have been done under the law in the State of Vermont, when that case was decided. What could have been done by the plaintiff in the divorce proceeding which is before us, or what might have been done therein by the court, under a different set

of circumstances, are not questions before us. The question for our determination is, what was the effect of that which was done? We have seen that the judgment for temporary alimony and attorney's fees was a mere general judgment against the defendant, and that this judgment was absolutely void, for want of jurisdiction of the person of the defendant. It follows, therefore, that this judgment could not be the basis for a judgment against the garnishee, as there has to be a valid judgment against the principal defendant before there can be a lawful judgment against a garnishee.

We have not overlooked the contention of counsel for the defendant in error, that the garnishee can not, in her bill of exceptions, attack the validity of the judgment for temporary alimony and attorney's fees, for the reason that the record does not show that the question as to the validity of this judgment was raised in the court below. It is true that the record does not show that this question was raised upon the trial, by an objection to the admission of this judgment in evidence, or by a motion to rule out the record of the divorce proceeding, including this judgment, or otherwise. Nor does it show what the contentions of counsel for the garnishee were, in the argument upon the question of the sufficiency of the evidence to authorize a judgment against her. But if the evidence offered by the plaintiff for the purpose of proving she had obtained a judgment against the principal defendant clearly showed, as we have seen it did, that that which she relied upon as being such a judgment was a mere nullity, then the evidence before the court did not authorize a judgment against the garnishee, and counsel for the garnishee could so contend in the oral argument before the trial judge; and when the judgment against the garnishee had been rendered, she could present this contention in her bill of exceptions. It was not incumbent upon the garnishee to object to the introduction of the record in the divorce proceeding, upon the ground that it appeared therefrom that no valid judgment for alimony and attorney's fees could be rendered therein; and it was not to her interest to do so. It certainly was to her interest that the record of the divorce suit leading up to the alimony judgment should be introduced, if that judgment was to be offered in evidence, as it was this record which showed such judgment to be absolutely void.

While she might perhaps have objected to the introduction of the judgment itself, because, from the record of the case in which it was rendered, it appeared to be void, or, after it was introduced, have moved to rule out, for a like reason, the whole of the record of the divorce case, including this judgment, her failure to do so did not amount to an admission that this judgment was valid. If evidence offered for the purpose of proving something to be a fact, which it is necessary for the party offering the evidence to establish, is subject to objection, but is of no probative value for such purpose, it does not matter whether any objection is interposed to the introduction of such evidence or not. Mere failure to object to it does not raise it to the level of proof of the fact sought to be established. It simply goes in for what it is worth; and if it is worth nothing to the party introducing it, no finding in his favor can be based thereon. This court has held that although hearsay evidence is introduced without objection, it is of no probative value; and the same principle applies here.

In reaching our conclusion that the judgment of the lower court should be reversed, we have not dealt with one feature of the case, because it was not reached by any assignment of error in the bill of exceptions. It clearly appears from the record of the divorce case that the non-resident defendant therein was never served, even constructively by publication, with the application for temporary alimony and attorney's fees, as such application was not embraced in the original petition, and the judgment granting the application was rendered on the same day that the petition was so amended as to pray for such alimony and fees. It has been held that even where a resident defendant in a divorce suit has been regularly served, he is entitled to notice of a subsequent application for temporary alimony; and the same principle would seem to apply in a suit for divorce against a non-resident defendant.    *Judgment reversed. All the Justices concur.*