ALICE E. SATTLER

*vs.*

WALTER J. SATTLER

Superior Court    New Haven County    File No. 56762

MEMORANDUM FILED JUNE 17, 1939.

*Harry Cooper,* of Meriden, for the Plaintiff.
*Lewis Somers,* of Meriden, for the Defendant.

O'SULLIVAN, J. This action seeking a divorce was re-turnable on the first Tuesday of May. The defendant is a non-resident who has not appeared to defend. Service was made by registered mail in conformity with an order of notice issued by an assistant clerk of this court. The officer's return shows that, by virtue of the writ, he "made an attachment of all the right, title and interest of the defendant in and to a certain lot, tract or parcel of land lying in the Town of Meriden," a de-scription of which then follows. Whether the defendant is the owner of the property so attached or of any interest in it is unascertainable from the record in court. The officer like-wise "attached all goods, effects, money and debts due to or belonging to the defendant in the hands of the named gar-nishee" who "having been inquired of disclosed that he was indebted to the defendant."

The plaintiff now presents a motion that alimony be allowed *pendente lite* and that an order issue for the support of the minor children of the litigants. The problem confronting the court is, in the first instance, one which questions the right of this tribunal to entertain the motion at all.

An order for the payment of money as alimony or support is essentially one *in personam*. In those cases which quite com-monly command the attention of the court where the defendant is a nonresident and no property of his is within its jurisdiction, it is legally impossible to enter an order for alimony or support. *McSherry vs. McSherry,* 113 Md. 395, 77 Atl. 653; *Smith vs. Smith,* 74 Vt. 20, 51 Atl. 1060. Constructive notice is never capable of laying the basis for an order *in personam,* even though it be conclusively demonstrated that the nonresident de-fendant has actual knowledge of the pendency of the action. *Hood vs. Hood,* 130 Ga. 610, 61 S.E. 471; *Proctor vs. Proctor,* 215 Ill. 275, 74 N.E. 145.

But where property of the nonresident is located within the territorial limits of Connecticut, this court may acquire the power to pass an order for alimony or support, which, though *in personam* in form, is in fact directed against the property itself. Thus the order is one *in rem* or *quasi in rem.* The only essentials to the exercise of this right are the presence of the *res* within the State of Connecticut, its seizure at the com-mencement or during the course of the proceedings and be-fore the order is passed, and the opportunity of the owner to be heard. Where the essentials exist an order for alimony or

support will be valid under the same circumstances and to the same extent as is found in judgments on a debt—that is, it will be valid not *in personam,* but as a charge to be satisfied out of the property seized. *Pennington vs. Fourth National Bank,* 243 U.S. 269, 61 L. ed. 713.

One of the above enumerated requisites is that there must be something in the action which makes it in effect a proceeding against the property. The writ, in the case under discussion, commanded the officer to make an attachment of the defendant's property; the petition alleges him to be the owner of real and personal estate; and the claim for relief asks alimony.

I am of the opinion that better practice requires greater certainty of objective as to the petitioner's intention to pursue the defendant's property—and this might well be done by the additional request in the *ad damnum* that the property be applied to honor all orders of alimony—nevertheless, I think it sufficiently evident from the record that the action is one capable of supporting an order for alimony *pendente lite.* It should be observed, however, that nowhere does it appear that the petitioner is seeking any support for her children, save in the motion now at hand. Hence such support cannot be considered.

Therefore, an order for $7 a week may enter as alimony *pendente lite,* the satisfaction of which is, however, to be attained, if at all, only from the property under attachment.

An interesting annotation note upon the problem covered by this memorandum will be found in 29 A.L.R. 1381.