## McEwen v. McEwen.

**Divorce: ALIMONY: ORIGINAL NOTICE.** A judgment for alimony in an action for divorce, when prayed for in the petition, is not void because the original notice contained no statement that alimony was claimed. The power to grant alimony is, at least under the statute, a mere incident to the power to grant a divorce between the parties.

*Appeal from Monroe District Court.*

THURSDAY, JANUARY 28.

THE plaintiff, in her petition, prays for a divorce and alimony; the original notice states the claim of plaintiff to be for a divorce, and was served personally. At the November Term, 1865, a decree was rendered divorcing the parties, and a judgment against defendant for $800 as alimony was recovered by plaintiff in the same proceeding. The decree and judgment were rendered upon the default of the defendant for want of appearance. On the 18th day of September, 1867, defendant filed his motion to set aside the judgment for alimony, on the ground, that, as the original notice set up no claim for alimony or money, the judgment rendered therefor is void. At the May Term, 1868, the court, upon this motion, set aside said judgment for alimony. Plaintiff appeals.

*Edwd. H. Stiles* and *G. W. Yocum* for the appellant.

*Perry & Townsend* for the appellee.

BECK, J. — The only question presented by the record is this one: Is the judgment against defendant for alimony void because there is no statement in the original notice of a claim therefor?

Divorce: alimony: original notice.

Section 2812 of the Revision provides, that the original notice shall state generally the nature of the claim which is the foundation of the action, and, if it be for money, how much is claimed. Chapter 103 confers upon the District Courts jurisdiction in all cases of divorce and alimony, and provides the course of proceedure in such cases, and what shall be grounds of divorce. The action for divorce is by petition, and is prosecuted as other actions. § 2533. Section 2537 provides, that "when a divorce is decreed the court may make such order in relation to the children and property of the parties, and the maintenance of the wife as shall be right and proper."

It appears, that the power of the court in an action for divorce, to set apart as alimony a portion of the property of the husband for the use of the wife, or to direct the payment to her, for her maintenance, a certain sum, and to render judgment therefor, is an incident of the power to decree the divorce of the parties, and is to be exercised where prayed for by the wife and required by the ends of justice. Such relief is necessary and must be allowed in order that a just and equitable decree divorcing the parties may be rendered. It may be a certain fixed sum, or a yearly allowance, or a part of the property, real or personal, of the husband set apart to the wife. The court, of course, has power to enforce, by proper judgment, whatever allowance is made to the wife. *Jolly* v. *Jolly*, 1 Iowa, 9; *Barney* v. *Barney*, 14 id. 191; Bishop on Marriage and Divorce, § 549, *et seq.*; *Jones* v. *Jones*, 18 Maine, 311; *Meehan* v. *Meehan*, 2 Bail. (S. C.) 378.

The notice is sufficient to confer upon the District Court jurisdiction of the subject-matter of the action —

the divorce of the parties, and the power to allow alimony being an incident only of the power to divorce, the court had full jurisdiction, and the judgment is therefore valid.

Reversed.