ELIZA WALKER, Appellant, v. WILLIAM WALKER, Appellee.

FEBRUARY 14, 1928.

*Stewart & Hatfield*, for appellant.

*Pendleton & Browning*, for appellee.

DE GRAFF, J.—Two reasons are assigned by the trial court for denying relief to the plaintiff: (1) Absence of corroborative

evidence, and (2) incompatibility is the only evidential basis upon which to predicate a decree.

The facts disclose that appellant wife was 66, and appellee was 79 years of age at the time of the trial. By consanguinity, these parties are first cousins. When the appellant was 27  years of age, she came to the appellee's home, and, upon the death of his wife, became his housekeeper. Appellant and appellee were married in 1901, but they had lived together for 11 years prior thereto.

Prior to their return to Sioux City, they lived in South Dakota, in which state they filed on homestead land. They were not then possessed of money or property. They remained in South Dakota until 1910, at which time 1,600 acres of land had been acquired, as the result of their joint efforts. However, due to outstanding mortgages and debts, the land was sold, leaving these parties about $8,500. They returned to Sioux City, and purchased a small acreage, on which they still reside. Subsequently, other properties were purchased, until the net value of their holdings is approximately $15,700.

Both the appellant and appellee have worked hard, practiced thrift, and have, by their joint efforts, accumulated what they now own. It is as clearly shown that they have quarreled, and have, at times, indulged in the use of vile epithets against each other. It is not claimed that the defendant was ever guilty of physical violence against his wife, except in one instance, some 20 years ago, when they lived on their South Dakota ranch. Neither party expended any considerable sum for wearing apparel, although the defendant furnished such clothes as the wife thought she needed. In other words, she did not request anything that she did not get.

The wife was advised concerning the temperament of the appellee when she first became acquainted with him, some 39 years ago. She was told that she was going into "a hornet's nest."

"Q. You found that to be true, did you? A. I did, sir. I found that out two or three days after I came, and it has been a hornet's nest ever since."

Cursing each other on slight provocation seems to have been

the order of the day. The wife admits that she called her husband a "damn fool."

"Q. Any stronger or worse than that? A. Oh, there might be, once in a while. Q. You have found occasion to swear at him, of course? A. I had to swear sometimes,—I couldn't stand everything he had to say. Q. Isn't it true, when it comes to calling each other names back and forth, it is an even break between you and Mr. Walker? A. Well, no, it is not. If there was a cause for it, it might be,—it might be. Q. What particular thing is there or was there that, about three years ago, caused you to say Mr. Walker had become a dangerous man? A. Cause he was always fussing, and going around telling you how bad you are, and everything."

It appears that appellant commenced an action for divorce when they resided in South Dakota, but subsequently dismissed the suit.

As stated, there is no claim of physical violence to sustain her allegations of cruel and inhuman treatment. Briefly stated, her claims are: That she has been denied proper and sufficient clothing; that she has been required to perform work and labor of such a character as to constitute cruel and inhuman treatment; the use of vile and indecent language towards her; that she was denied medical attention on one occasion when she accidentally injured her arm. The first two complaints are not sustained. As to the use of epithets, it was about an even break, and, as said in *White v. White*, 200 Iowa 779:

"These verbal battles may not improperly be designated to have terminated in 'a draw.'"

With respect to the failure of the husband to secure for her medical attention on one occasion, no claim is made that the husband had anything to do with the injury she received. He did call a doctor, and in the meantime wrapped the bleeding arm with a "dirty rag," as stated by the appellant.

Without further elaboration, we conclude that the evidence fails to show that the defendant was guilty of any acts which endangered the life of the plaintiff. Neither of these parties is a person of education and refinement, nor did either possess that refined and temperamental sensitiveness which a court is privileged to take into consideration in determining whether acts upon which complaints are based are within the purview of

cruel and inhuman treatment. Furthermore, there must be some semblance of corroboration of acts upon which the plaintiff relies for a divorce, although, in passing, it may be said that the corroboration necessary to sustain a decree of divorce may be circumstantial or direct. *Leonard v. Leonard*, 174 Iowa 734; *Hines v. Hines*, 192 Iowa 569. Nor do we, by implication, in this opinion hold that cruel and inhuman treatment must be evidenced by actual physical violence.

The trial court recognized that both the appellant and appellee possess the same indelible imprint of character and temper, by reason of the blood of a common ancestor. The trial court also recognized that the accumulations acquired by these people were by virtue of their toil and thrift, and that to grant a decree would necessitate the division of their common property, including the home, leaving both of these old people without home or friends.

The State is a party in interest in such a result. The nominal plaintiff and defendant are not the only parties to the suit. The State and the public are parties, by implication. As said in *Grant v. Grant*, 84 N. J. Eq. 81 (92 Atl. 791), quoting from 2 Bishop on Marriage, Divorce and Separation, Section 663:

"The public, which we have seen to be a party in all divorce suits, occupies a unique position, sometimes embarrassing to the court."

In the instant case, a conclusion contrary to that reached by the trial court would be injurious to both appellant and appellee. It is sufficient to say that such a conclusion is not warranted by the record before us. The decree entered by the trial court is—*Affirmed*.

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.

KINDIG, J., takes no part.