SIOUX FALLS BROADCASTING ASSOCIATION, Appellee, v. HENRY FIELD COMPANY, Defendant, Appellee.
ELBERT A. READ, as Receiver appointed by the District Court of Page County, Iowa, in ELBERT A. READ, Trustee, v. HENRY FIELD COMPANY, Cause No. 14023, in said Court, Garnishee, Appellant.

No. 44710.

APRIL 4, 1939.

REHEARING DENIED SEPTEMBER 29, 1939.

Ferguson & Ferguson, for appellee.

Keenan, Clovis & Sar, for appellant.

STIGER, J.—In June 1936, the Sioux Falls Broadcasting Association, hereinafter referred to as appellee, obtained a judgment against Henry Field Company in the district court of Iowa in and for Page county in the sum of $5,623. In June 1930, the Henry Field Company executed a trust deed to all its property of every kind and nature to secure certain noteholders. This deed contained the following provision for a receiver:

"It is further agreed that in the event of the commence-

ment of an action to foreclose this mortgage, either by the Trustee or by a stockholder as above provided, the plaintiff shall have the right to have a receiver of the mortgaged property appointed at once, who shall take possession and control of all of the property covered by this trust deed and preserve the same and the rents and profits thereof for the benefit of the mortgage debt and receiver's costs and expenses and may discharge such duties as are reasonably encumbent upon a receiver."

In November 1935, the trustee notified the company that the notes secured by the trust deed were due and payable and if they were not paid within 30 days he would start proceedings to foreclose the deed. The next day the stockholders of the company passed a resolution which referred to the notice of intention to foreclose and stated that the company could not continue doing business for a period of 30 days and in order to keep the business of the company going so that its assets could be applied in an orderly manner on the indebtedness it was imperative that all property be placed in the custody of the law. The resolution requested the trustee to institute foreclosure proceedings at once and cause all property of the company, together with the operation of the business, to be placed in the hands of a receiver. On November 12, 1935, the trustee commenced foreclosure proceedings asking judgment for $227,710 and for the appointment of a receiver. On the same day, pursuant to the provision in the trust deed for the appointment of a receiver on the commencement of foreclosure proceedings, Elbert A. Read, on proper application, was appointed receiver; the receiver was directed to take possession of all the property and continue the operation of the business of the company. The order stated that no department of the business could be leased by the receiver without special order of the court. It provided for modification thereof and addition thereto whenever it appeared that the same were necessary.

About a year after the receiver was appointed and had taken possession of all the property and was operating the business of the company, renting the property, etc. under order of court, and on November 30, 1936, a decree in foreclosure was entered which confirmed the appointment of the receiver.

In June 1936, notice of garnishment was served on the

receiver, Elbert A. Read, hereinafter referred to as appellant, under an execution issued on the judgment in favor of appellee. Before a hearing was had in the garnishment proceedings, the receiver filed a verified answer, stating in substance that the property was in custodia legis. Appellant then filed a motion to dismiss the garnishment under the provisions of Code section 12139. Appellee filed a resistance to the motion. The contents of these pleadings will be referred to later in this opinion.

Judge Brown sustained the motion to dismiss the garnishee. The Broadcasting Company appealed from this order, and, on June 18, 1938, the appeal was dismissed because of failure to perfect the appeal within the time fixed by Code section 12141. See Sioux Falls Broadcasting Association v. Henry Field Company, (Read, Garnishee), 224 Iowa 655, 277 N. W. 284.

On January 19, 1938, appellee obtained a second execution on the judgment and again served notice of garnishment on appellant. Appellant filed a verified answer which contained substantially the same allegations that were made in the first garnishment proceeding and alleged the additional defense that his liability as garnishee and the right of plaintiff to hold him as garnishee as a debtor of Henry Field Company had been adjudicated adversely to appellee. At the same time appellant filed a motion to dismiss, alleging that the property was in custodia legis and also alleging prior adjudication.

The motion to dismiss stated in substance that he had possession and control of all the property of Henry Field Company and was holding, operating, renting and disposing of said property under order of court for the benefit of the noteholders; that no order of court had been made directing him to pay any money or give any property to the company; that he had in his possession no property which could be recovered from him by the Henry Field Company; that the rights of the Broadcasting Company against the garnishee were limited and measured by the rights of the company against the garnishee and that it had been adjudicated that appellant receiver was not subject to garnishment by the Broadcasting Company as a debtor of the Henry Field Company.

Appellee filed a resistance which alleged that it could not be determined in the proceedings on the motion to dismiss whether the receiver was subject to garnishment and that such fact could not be determined with certainty until the garnishee

was examined and garnishment proceedings completed under the provisions of chapter 513 (section 12157 et seq.) ; that no evidence was taken in support of the first motion to dismiss the garnishee and the matter involved in the motion was not fully and fairly investigated and no trial on the merits had and therefore the prior order sustaining the motion to dismiss was void and not a prior adjudication.

Appellant, in support of the second motion to dismiss, introduced the trust deed, the petition in foreclosure, the order appointing a receiver at the commencement of the action, and the decree of foreclosure. Mr. Read, receiver, testified at the hearing on the motion that he had taken possession of all the property of the company as receiver; that he was operating the business of the company; that he had rented the several departments of the company and collected the rent for the benefit of the noteholders; that there was not sufficient property in the receivership to pay the holders of the notes in full; and that no order of court had been made directing him to pay any money to the Henry Field Company.

On September 3, 1938, the trial court overruled the motion of appellant to dismiss him as garnishee.

Code section 12139 reads:

"12139. Discharge on motion. A motion may be made to discharge the attachment or any part thereof, at any time before trial, for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the attachment should not have issued, or should not have been levied on all or on some part of the property held."

Appellant's first assignment of error is that the court erred in overruling his motion to dismiss the garnishment because it was apparent of record that he was not subject to garnishment. We are of the opinion that appellant made it apparent of record that he was not subject to garnishment. A receiver is ordinarily exempt from garnishment because the funds in his possession are in custodia legis. If the receiver has in his possession funds which he was not authorized to possess under the order appointing him, or, which in fact, "are not the property of the estate for the preservation of which he was appointed", such property is subject to garnishment. Ewing v. Ewing P. M. Co., 183 Iowa 711, 714, 167 N. W. 607, 608; Car-

son, Pirie Scott & Co. v. Long, 219 Iowa 444, 450, 257 N. W. 815, 818.

In the Long case, supra, we recognized the following qualification of the general rule:

"This exemption continues as long as the person holding the property is primarily accountable to the court for it. It ceases when he becomes personally accountable to defendant. Accordingly it is generally held that he may be held as garnishee after the purpose of the law's custody has been accomplished."

The burden was on appellant, as movant, to sustain his motion. Under the order of November 12, 1935, made at the commencement of the action, appellant took possession of all the property of the company, carried on the business and rented the property all for the benefit of the noteholders and under the orders of the court. It is apparent of record that there is not sufficient property in the receivership to pay the noteholders in full. No order of court has been made directing the distribution of any of the property to the Henry Field Company.

The Henry Field Company did not have a right to any property in the possession of the receiver at the time of the second garnishment and the right of appellee against the garnishee-appellant can rise no higher than the right of the company.

Code section 11582-c1 reads:

"11582-c1. Surrender of written obligations. Unless otherwise ordered by the court or judge, the clerk of the district court shall not enter or spread upon the records of his office any judgment based upon any promissory note or notes or other written evidence of indebtedness, unless the note or notes or other written evidence of indebtedness are first delivered to the clerk."

The court found that the notes secured by the trust deed were not surrendered to the clerk of the district court as required by said section and that the entering of the decree of foreclosure was in violation thereof. Appellee, in its resistance to the motion, did not urge the failure to surrender the notes

as a defense and there is no evidence in the record before us that the notes were not, in fact, surrendered.

Assuming that the notes were not surrendered, the receiver was appointed by Judge Brown on November 12, 1935, at the commencement of the action and substantially a year before the decree was entered, and in the order directed the receiver to take possession of all the property, carry on the business of the company and rent the property under order of court and required him to make monthly reports to the court of all his doings as receiver and provided that the order was subject to modification or additions whenever it appeared necessary to the court. If the decree of foreclosure is void, this fact would not affect the validity of the order of November 12, 1935.

■ Appellee contends that the rents and profits of the company were not sequestered by the receiver and were not a part of the estate for the preservation of which the receiver was appointed, but were the property of the debtor and subject to garnishment.

The record does not sustain this contention. The receiver rented the property under order of court for the benefit of the noteholders.

The motion to dismiss should have been sustained on the ground that it was apparent of record that the appellant was not subject to garnishment.

■ II. Appellant also contends that the order of April 8, 1937, made by Judge Brown, in the first garnishment proceedings sustaining the motion to dismiss the garnishee-receiver constitutes a prior adjudication that he was not subject to garnishment. At the hearing on the first motion to dismiss, the receiver filed a sworn answer stating that he had possession of all the property of the company as receiver for the purpose of applying the same to the payment of the note secured by the trust deed; that the notes were unpaid and that there was not sufficient property in the receivership to pay the notes in full; and that the company had no right against the receiver for any of the assets in his possession and that there was no property in his hands that could be reached by garnishment by appellee.

Appellant then filed his motion to dismiss the garnishment under Code section 12139. This motion contained all the allegations made in the answer and further stated that no order of court had been entered in the receivership directing him to

pay any money to Henry Field Company; that rights of the Sioux Falls Broadcasting Association against the garnishee were limited and measured by the rights of the company against the garnishee and that as the company had no right to maintain an action against the receiver for any property, that he was not subject to garnishment.

Appellee filed a resistance to the motion, stating that the court did not have authority to rule on the motion until the appellee had an opportunity to examine the garnishee under the provisions of Code, chapter 513, on Garnishment and until the garnishment proceedings had been determined on its merits; that if said motion were sustained, appellee would be deprived of its remedy of garnishment. The order of Judge Brown sustaining the motion to dismiss reads:

"Be it Remembered that heretofore there was submitted to this court the Motion of Elbert A. Read, Receiver of the Henry Field Company, that he be dismissed as Garnishee in this matter, at which time said Elbert A. Read, Receiver, appeared by his attorneys, Keenan, Clovis & Sar and the plaintiff appeared by its attorneys, Ferguson & Ferguson. And now on this 8th day of April 1937, the court having duly considered the matter and having heard the arguments of the attorneys for both the said Receiver and the plaintiff, being fully advised in the premises finds that Motion to Dismiss Garnishee should be sustained."

Appellant did not make the verified answer a part of his motion to dismiss as an affidavit, and, apparently, it was not treated as an affidavit in the proceeding. Appellee did file an affidavit in support of its resistance and no oral evidence was introduced by either party. It is conceded that the motion was decided solely on the motion and resistance.

The main contention of appellee is that the motion to dismiss the garnishment was premature and should not have been overruled until after the garnishee had been examined and garnishment proceedings completed. The court decided the motion on the pleadings and arguments of counsel. The appeal to this court sustaining the motion was dismissed. When appellee garnisheed the appellant the second time, it had been adjudged that appellant was immune from garnishment. The issue was the same in both proceedings. There had been no change in the receivership when the second motion to dismiss

was filed at which time the receiver had possession of all the property of the company, no order for distribution had been made and the assets were less than the debt. The court, in deciding the motion, had jurisdiction of the parties and the subject matter and there is no merit to appellee's claim that the motion was premature and should not have been heard and ruled on until after a hearing on the merits of the garnishment.

The trial court, in his order overruling appellant's motion to dismiss, stated:

"The hearing before Judge Brown in this court was on the motion of garnishee to dismiss him as garnishee. At that hearing, no evidence was introduced and it was not a hearing on the merits of the garnishment."

We cannot agree with the learned trial court. The hearing was on the merits though appellee did not avail itself of its privilege of supporting its resistance by affidavit or oral evidence.

The question of whether appellant was subject to garnishment was investigated, litigated and adjudicated, the hearing involved the merits of the motion and constitutes a prior adjudication against appellee.

The case is reversed.—Reversed.

MITCHELL, C. J., and MILLER, BLISS, SAGER, and HALE, JJ., concur.