## DONAHOE v. ALCORN.

No. 29489. Sept. 10, 1940.

*108 P. 2d 786.*

Duffy & Wilson, of Ponca City, for plaintiff in error.

Moss & Young, of Tulsa, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Kay county. It involves questions relating to the adjustment of monetary differences between the parties to a divorce action.

On September 9, 1933, the parties to this appeal entered into a separation agreement which embraced stipulations purporting to settle their property rights, fix the amount of alimony, and provide for the custody and support of their two minor children. At the time of entering into the agreement the parties contemplated a divorce, and in connection therewith the submission of the contract to the court for its approval. On this point they agreed:

"That, in event either of the parties hereto shall institute an action for divorce in any court of competent jurisdiction and a divorce shall be granted under contest or otherwise, this separation agreement may be submitted to the court for its approval, and, if approved, shall be incorporated into any decree of divorce rendered between the parties. * * *"

On September 12, 1933, the defendant in error, Mary Elizabeth Alcorn, who was then Mary Elizabeth Donahoe, filed her petition for divorce in the district court of Kay county in which she alluded to the separation agreement, and requested its approval as well as other specific and general relief. A waiver of summons and entry of appearance was executed by William V. Donahoe, plaintiff in error herein, defendant in the court below, and filed on September 13, 1933.

Thereafter, on October 13, 1933, the cause was presented to the court. The plaintiff appeared, but the defendant did not. The court granted the divorce and generally approved the separation agreement. In one particular, however, the judgment of the court was at variance with the provisions of the agreement. The agreement contemplated an alternation of the care and custody of the children, and that the defendant should pay to the plaintiff as child support $20 per month per child during all periods of time either or both children should be in plaintiff's custody unless the plaintiff should remarry, in which event such obligation to support the children should terminate.

The decree and judgment contained no provision for the termination of the payments for child support in the event of plaintiff's remarriage. The agreement was thus disapproved in that respect.

The mother (plaintiff) remarried and the father (defendant) refused to make further contributions for the support of the children.

In March of 1939 the defendant filed a motion to modify the decree and cause the same to correspond to the provisions of the separation agreement with respect to the termination of payments for child support. Upon hearing his motion it was denied. He presents the case on appeal. Although the order of appearance is reversed in this court, we shall continue to refer to the parties by their trial court designation.

The defendant in his brief states his position in the following language:

"* * * It is the contention of plaintiff in error that, having made the separation agreement, which both parties agreed was fair, and with which both were entirely satisfied, and knowing that defendant in error had incorporated the same into her petition for divorce in which she asked that it be ratified and confirmed, on the strength of which she entered his voluntary appearance in the case, that no judgment or decree against him contrary to the clear provisions of such separation agreement and the petition of the plaintiff should have been entered by the court without further notice to him and an opportunity to be heard thereon. It is also the contention of plaintiff in error that, insofar as the divorce decree purports to require him to pay monthly payment therein specified for the support and maintenance of said children, after the remarriage of defendant in error, that such decree is beyond the scope of the pleadings and

the issues in the cause, and, therefore, is null and void."

In connection with this position the defendant invokes the general rule that a judgment purporting to determine an issue not tendered by the pleadings is to that extent void. Fielder v. Fielder, 47 Okla. 66, 147 P. 769; Nero v. Brooks et al., 116 Okla. 279, 244 P. 588; Winters v. Birch, 169 Okla. 237, 36 P. 2d 907.

This general rule is not, however, applicable to the situation here presented, for relief in the matter of making provision for the support of the children of the parties was comprehended by the petition, both by specific request and by a request for general relief.

The situation here presented is, in respect to the issues tendered and the relief authorized to be granted, somewhat analogous to the problem presented to the court in Haven v. Trammell, 79 Okla. 309, 193 P. 631, wherein we held that a default judgment for alimony could properly be entered upon a petition for divorce requesting general relief (similar to the request contained in the petition now before us) even though the petition did not contain a specific request for such relief. In disposing of the point we said in paragraph 2 of the syllabus:

"Where a petition for divorce contains a prayer for general equitable relief, but does not specifically pray for alimony, alimony, being a mere incident to divorce, may be properly awarded."

See, also, Downing v. Downing, 121 Okla. 273, 249 P. 732; Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900.

Our statute, section 671, O. S. 1931, 12 Okla. St. Ann. § 1277, imposes upon the court the duty of making provision for the support of children of the parties at the time a divorce is granted. Tobin v. Tobin, 89 Okla. 12, 213 P. 884. The statutory duty thus imposed on the court is, as a matter of law, and by the terms of the statute, invoked and vested "when a divorce is granted," and is not dependent upon any particular form of pleading other than such as would be appropriate to invoke the jurisdiction of the court for the purpose of granting a divorce.

In view of the statutory duty imposed on the court to provide for the support of minor children and the previous decisions of this court recognizing the analogous power of the court to award alimony against a defaulting defendant in granting a divorce, even though specific request for such relief has not been included in the petition, we conclude, and hold, that the court may, at the time of granting a divorce against a defaulting defendant, enter judgment providing for the support of minor children, even though the relief thus granted is not pursuant to or in accord with a specific prayer of the petition. The defaulting defendant is presumed to be cognizant of the duty imposed by law upon the court in this respect.

Another factor requiring passing note in this connection is the fact that the judgment entered was in the respect above mentioned at variance with the provisions of the separation agreement. This necessarily suggests an inquiry into the question of whether the separation agreement was binding upon or merely advisory to the court.

Viewed from a broad standpoint, a determination of the force and effect of separation agreements and the extent to which, and circumstances under which, such agreements are binding and enforceable as distinguished from mere tentative understandings which do not possess the binding force of contracts until and unless approved by the court, raises many troublesome questions. McRoberts v. McRoberts, 177 Okla. 156, 57 P. 2d 1175. Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369. Such questions are, however, eliminated in this case, since, as we have noted, the parties by agreement made their contract subject to the approval of the court, and since the power to approve necessarily connotes the power to disapprove. Thus it was contemplated by the parties to this litigation that from and after an action

for and decree of divorce, the agreement should be binding only to the extent of its approval by the court. Thus no question is here involved based upon the theory that the separation agreement was binding and governed the rights of the parties in spite of the conflicting provisions of the decree, if the provisions of the decree itself be valid.

We have already determined that the decree was not invalid on the theory that it determined an issue not tendered by the pleading.

Counsel for the defendant urge that the court was without jurisdiction to enter a decree against the defaulting defendant conflicting in any respect with the separation agreement without first having notified the defendant, thus questioning the validity of the decree on another theory. In this connection reliance is placed upon Bynum v. Bynum, 184 Okla. 36, 84 P. 2d 424. In that case we held in substance that where a defendant, who had previously signed a separation agreement, defaulted in appearance in reliance upon a decree being entered in accord therewith, the better practice would be to give notice before departing from the terms of the agreement in the provisions of the decree, and that, if such notice were not given, a change in the provisions of the decree might be made without showing a change in the condition of the parties, provided, of course, the modified decree is justified by the condition of the parties. Our decision was based upon the continuing power of the court to modify or change the former decree, with reference to the support of the child, and not upon the lack of power to enter the decree in the first instance.

It is true that there is in the body of the opinion language which affords some basis for counsel's misapprehension of its force and effect. To the extent, if any, that the language of the opinion may be taken to indicate a want of judicial power by reason of failure to give the suggested notice, it is modified.

In the case at bar the notice was not given, but the condition of the parties at the time of the requested modification was not, as in the Bynum Case, established to be such as to justify a change in the provisions of the decree relating to the support of the children.

In the Bynum Case we, in paragraph 3 of the syllabus, pointed out that a woman cannot by contract relieve her husband of his obligation to support his minor children.

The refusal of the trial court to change the former decree, being in accord with the law, is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and R I L E Y, OSBORN, GIBSON, HURST, and DANNER, JJ., concur. CORN, J., absent.