SUSIE B. HOPPING, Appellee, v. HOWARD A. HOPPING, Appellant.

No. 46279.

JUNE· 15, 1943.

REHEARING DENIED SEPTEMBER 27, 1943.

Louis J. Kehoe, of Washington, for appellant.

T. A. Michels, of Washington, and Ralph H. Munro, of Fairfield, for appellee.

BLISS, J.—■ Defendant's motion to dismiss the garnishment proceedings was based upon the contention that the judgment for permanent alimony went beyond the allegations and the prayer of the plaintiff's petition, and beyond any claim or demand in the original notice of suit served on the defendant, and that insofar as the decree rendered judgment for permanent alimony it was of no force or effect, and consequently there was no basis for the garnishment proceedings.

In the plaintiff's petition in the divorce action there were allegations that she had no property and no funds to prosecute the suit, and that the defendant was physically strong and able to earn sufficient money to pay the plaintiff's expenses for the suit, and that she was entitled to an order of the court requiring

the defendant to pay to the clerk of the court $100 for her attorney's fees, and costs, and $20 a month for her maintenance pending the suit. In the prayer of her petition she asked for a decree of divorce, suit money, and attorney's fees in the sum of $200, the household goods and her personal effects, "and for such further relief as may be deemed equitable in the premises." No mention was made of alimony, either temporary or permanent, in the prayer of the petition. The original notice, which was personally served on the defendant in Washington county, recited that plaintiff's petition was then on file and that it prayed for a divorce on the grounds of cruel and inhuman treatment, for suit money, and attorney's fees of $200. No mention was made of alimony. The notice stated that "For further particulars you are referred to said petition now on file."

On March 14, 1932, S. W. Livingston entered his appearance for defendant and was given ten days in which to plead. On May 16, 1932, an entry was made in the court journal that Livingston on that day withdrew his appearance for the defendant and default was duly entered of record. No pleading was filed in behalf of defendant, and on June 1, 1932, decree was rendered adjudging the defendant to be in default, and reciting that upon trial the allegations of the petition were found to be true and that plaintiff was entitled to a divorce from defendant on the ground of cruel and inhuman treatment. The decree ordered and adjudged that plaintiff was entitled to the household goods and personal effects as her absolute property, and that defendant should pay the plaintiff $20 a month as permanent alimony, and $100 as attorney's fees, and that judgment be entered for said amounts and the court costs. Defendant took no exceptions to the judgment, and has never appealed therefrom.

On August 31, 1942, execution was issued on the judgment reciting that there was $2,460 due thereon. The trustee for the estate and property of a deceased person, and the attorney of the trustee, were garnished as supposed debtors of the defendant, Hopping. In answer to statutory interrogatories propounded by the sheriff, the trustee stated that he had cash and credits in his possession, as trustee, owing to the defendant in the sum of $771.

Defendant, in his motion to dismiss the garnishment proceedings, alleged two grounds for the dismissal, the first ground being the invalidity of the judgment for the reasons heretofore noted, and the second ground, that the funds in the possession of the trustee were "in custodia legis," and therefore not subject to garnishment. No other grounds were raised in any way in the trial court.

On this appeal the appellant again urges the two grounds just stated, and also a third ground to which we will later refer.

I. Was the judgment void, for the reasons stated, insofar as it rendered judgment for permanent alimony? This court has heretofore answered the question adversely to the contention of the appellant. Section 10481, of the Code of 1939, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient."

The same provision was in effect at and prior to the time of the divorce proceedings.

The integrity and permanence of the marital relation is of such vital importance to the welfare of society and to the public generally that the sovereignty or state has always deeply interested itself in all matters pertaining to the dissolution of that relation. While the suit for divorce is nominally between the two parties, the state is always a quasi party. As said in Walker v. Walker, 205 Iowa 395, 398, 217 N. W. 883, 885:

"The nominal plaintiff and defendant are not the only parties to the suit. The State and the public are parties, by implication."

This concern on the part of the state is evinced by various statutory provisions. While marriage is spoken of as a civil contract (Beach v. Beach, 160 Iowa 346, 348, 141 N. W. 921, 46 L. R. A., N. S., 98, Ann. Cas. 1915D, 216), it is also a social institution which is the foundation of the family and society.

Although the union is a voluntary one, the tie may not be broken by agreement if the yoke becomes more irksome in reality than it appeared in prospect. To avoid, as far as possible, any collusion between the parties in dissolving the relation, the statutes require corroboration of the complaining party. A default on the part of the defendant, by failing to appear or to plead, admits no allegation of the petition material to the right of divorce or to any other relief incidental thereto. It is incumbent upon the party seeking the divorce and the incidents thereof to establish the right thereto by the requisite proof. Such party may not, by failing to ask for alimony or a share of the spouse's property, deprive the court of the right to make such an award if to do so would be a benefit or protection to the injured party or the children, and therefore to the interest of the state and the public. Alimony or property settlements made by the parties are always subject to the scrutiny and the approval of the court.

Any defendant in a divorce suit must take cognizance of the provisions of Code section 10481. These provisions are in themselves notice to such defendant that alimony may be awarded the plaintiff even though it is not mentioned or asked in notice, allegation, or prayer. The appellant is presumed to know the law. The notice was personally served upon him. His attorney appeared for him and procured time to plead, and presumably knew what the petition contained.

In Zuver v. Zuver, 36 Iowa 190, 194, the plaintiff sued for divorce, alleging as ground therefor cruel and inhuman treatment by his wife. The answer of the wife was a general denial. The report of a referee supported the allegations of the petition. The court granted a divorce to the plaintiff. The matters of alimony and custody of the children were continued to the next term of the court, at which time substantial permanent alimony was awarded for the support of the wife and minor children. The husband, on appeal, urged that permanent alimony and the custody of the children could not be awarded a defendant without a cross-petition in which such alimony and custody were prayed for. After quoting section 2537 of the Revision of 1860, which corresponds to section 10481 of the 1931 and succeeding Codes, the court, through Justice Cole, said:

"The answer of the defendant is not made a cross-petition, nor is there contained in it any claim, for either alimony or the custody of the children. But, in our opinion, a fair and practical construction of the section of the statute above quoted, authorizes the court to make a just and proper order respecting both the permanent alimony and the custody of the children, in a divorce proceeding, even though the pleadings may contain nothing in reference to them. They are, by the statute, made incidents to the divorce; and upon the making of the decree for a divorce, full power is given over the questions of permanent alimony and custody of the children. No necessity for issues on the latter can arise until the decree. McEwen v. McEwen, 26 Iowa 375, and cases cited."

This court decreased the amount of alimony awarded by the trial court.

In the McEwen case, 26 Iowa 375, 376, the original notice was served personally, and stated that the petition prayed for divorce only. The petition prayed for divorce and alimony. The defendant did not appear and decree for divorce and judgment for $800 alimony were awarded the plaintiff. Defendant within two years filed motion to set aside the judgment for alimony on the ground that, since the original notice made no claim for alimony or money the judgment rendered therefor was void. The trial court sustained the motion. In reversing, and after reference to said section 2537 of the Revision, the court said:

"It appears, that the power of the court in an action for divorce, to set apart as alimony a portion of the property of the husband for the use of the wife, or to direct the payment to her, for her maintenance, a certain sum, and to render judgment therefor, is an incident of the power to decree the divorce of the parties, and is to be exercised where prayed for by the wife and required by the ends of justice. Such relief is necessary and must be allowed in order that a just and equitable decree divorcing the parties may be rendered. * * * The notice is sufficient to confer upon the District Court jurisdiction of the subject-matter of the action—the divorce of the parties, and the power to allow alimony being an incident only of the power

to divorce, the court had full jurisdiction, and the judgment is therefore valid.''

In Harshberger v. Harshberger and Harshberger, 26 Iowa 503, 506, the court again stressed the fact that alimony is but an incident or appendage to divorce, in the following language:

''Alimony is an incident to divorce, and can only follow it, and the statute authorizing service of notice by publication in an action for divorce, cannot fairly be construed to limit the power of the court, where service is thus made, to simply granting a divorce. It has jurisdiction of the *cause,* and may make all proper orders as to alimony, the custody of children, etc., which are incident to the divorce.''

In Darrow v. Darrow, 43 Iowa 411, 413, plaintiff filed her petition praying a divorce, ''and such further relief as seemed just in equity and good conscience.'' Thereafter the defendant was served with notice of the suit, which stated that plaintiff claimed ''a divorce and general relief.'' Without further notice, the plaintiff filed an amended petition asking alimony, and on the same day took a default and decree against the defendant for the amount of alimony claimed. The plaintiff satisfied this judgment upon the promise of defendant to execute notes in payment of the judgment. When he refused to execute the notes the plaintiff brought action to reinstate the judgment. The defendant answered that the judgment was void because beyond the claim of the original notice. A demurrer to this defense was sustained. In affirming, this court said:

''The demurrer was properly sustained. A judgment for alimony is incidental to a decree for divorce. The defendant was personally served with a notice that plaintiff claimed of him a decree of divorce, 'and such other and further relief as the court may deem equitable and just in the premises.' This notice authorized the amendment claiming alimony. * * * The court having jurisdiction of the person of defendant, and of the subject matter, the judgment is conclusive until set aside upon appeal or by other direct mode.''

In Kell v. Kell, 179 Iowa 647, 649, 161 N. W. 634, 635, the plaintiff brought suit to modify a decree of divorce pre-

viously obtained by him, so as to release him from paying for the support of his children, who were with his wife in Chicago at the time he procured his decree. In refusing to modify the decree, the court said:

"He prayed that the custody of the children be awarded to him, though no reference was made to their support, and it is argued that, as the pleadings were silent on that subject, the court was without jurisdiction to exact contribution thereto by plaintiff. The matter of the custody and support of the children is incidental to the granting of a divorce, and even though not mentioned in the pleadings, 'when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.' Section 3180, Code 1897; Zuver v. Zuver, 36 Iowa 190. The statute quoted endowed the court with the authority, in entering a decree, to provide for the maintenance of the children, issue of the marriage; * * * the statute quoted does confer authority on the district court, in entering a decree by default, to require the plaintiff to pay for the support and education of the children, fruits of the marriage dissolved. This statute is expressive of the policy of the state, which is interested in the relations of the parties, the care and training of the children, and the possibility that the latter may become burdens on the public."

Divorce, and its incidents of alimony in its strict sense, and of support for minor children, in perhaps all of the states, are regulated by statute. Many of those statutes provide that upon granting the divorce the court may make provisions by decree respecting property, alimony, maintenance, and support of the minor children. In several of these states decisions in harmony with those of this court referred to herein may be found. As noted in Closson v. Closson, 30 Wyo. 1, 11, 215 P. 485, 487, 29 A. L. R. 1371, 1375, a well-considered opinion:

"The apparent theory of the statute that the right to settle questions concerning the property and children of the parties is an incident of the jurisdiction of the divorce action seems fully to be borne out by the authorities."

The court quotes from McEwen v. McEwen, supra, 26 Iowa 375, and also cites Zuver v. Zuver, supra, 36 Iowa 190, and Twing v. O'Meara, 59 Iowa 326, 13 N. W. 321. In the Closson case, the defendant, residing in South Dakota, was served by publication. He made the point that neither the affidavit for service by publication nor the published notice recited anything with reference to the disposition of the land in Wyoming. The decree in the divorce suit awarded the land to the plaintiff wife as alimony. In the suit in 30 Wyo. 1, 14, 215 P. 485, 488, 29 A. L. R. 1371, 1376, the husband recovered possession of the land upon the ground that the divorce decree in awarding the land to his wife was a nullity. In restoring the land to the wife, the court held that the notice in the divorce suit was broad enough to justify the decree therein. The court said:

"It is clear, therefore, that the legislature may by statute make the disposition of property within the jurisdiction of the court an incident of a divorce action. It is clear, also, that our statute does this by unequivocal language. It is elementary that if a court has power over the principal matter it has power also over its incidents. It follows, as shown by the foregoing authorities, that under the statute the court's jurisdiction in such a case to dispose of property is not lacking merely because the petition contains no reference thereto. The jurisdiction attaches pursuant to the statute. In this case the petition for divorce did refer to the property and pray for its disposition; but if these allegations were not necessary to an acquisition of jurisdiction to dispose of the property, we cannot see how the failure of the published notice to refer to them can be considered such a defect as would render the appropriate decree void on a collateral attack. We may add that it would seem that such a notice, in view of the clear and positive provisions of Section 5000, supra [authorizing the court to make equitable disposition of the property of the parties], would be in practice a sufficient warning. This statute was in force when the husband was domiciled here with his wife and acquired the property. He must be deemed to have known the law and to have held his property subject to it. [Citing cases.] And if, there-

after, having given cause for divorce and become a non-resident, he received notice that a petition for divorce had been filed, the law itself carried to him notice that in granting the divorce the court might also decree incidental relief consistent with the established mode of administering justice in the jurisdiction where the wife resided in occupancy of the property.''

The opinion cites a number of authorities in support of its decision.

In Ecker v. Ecker, 130 Minn. 472, 153 N. W. 864, under a statute similar to section 10481 of the Iowa Code, in a suit for a divorce, where personal service was made upon the defendant in the county of plaintiff's residence, and the complaint contained no specific demand for alimony, and the defendant did not answer, the court sustained an alimony award to the plaintiff. In support thereof, see, Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 Am. St. Rep. 636, and O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438.

In Haven v. Trammell, 79 Okla. 309, 311, 193 P. 631, 632, plaintiff filed petition for decree of absolute divorce, attorney's fees, costs, and general relief. The defendant, served personally, defaulted. A judgment granting absolute divorce, $1,000 alimony, attorney's fees and costs, was sustained on appeal, against a challenge that the judgment for alimony was void for the reason that the petition failed to specifically pray for alimony. Oklahoma has a statute similar to section 10481, Code, 1939. Referring to it the court said:

''It is thus clearly fixed by our law that alimony is a mere incident to divorce, and when a divorce is granted, alimony may be awarded without it being prayed for in the original pleadings.''

The opinion cites, in support thereof, 19 C. J., Divorce, 283, section 650; Prescott v. Prescott, 59 Maine 146; 2 Bishop on Marriage, Divorce, and Separation, 421, section 1067, which states:

''By the English and better American practice, the proceeding for alimony is strictly ancillary. Neither the com-

plaining wife's libel or petition nor the husband's answer thereto makes any mention of her alimony or his faculties."

Later Oklahoma decisions supporting the holding in the Trammell case are Javine v. Javine, 134 Okla. 283, 273 P. 267, 268; Downing v. Downing, 121 Okla. 273, 249 P. 732; Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900, 902; Donahoe v. Alcorn, 188 Okla. 305, 307, 108 P. 2d 786, 788. In the last-cited case, the court, after referring to the statutory power of the court respecting alimony, said:

"The statutory duty thus imposed on the court * * * is not dependent upon any particular form of pleading other than such as would be appropriate to invoke the jurisdiction of the court for the purpose of granting a divorce. * * * The defaulting defendant is presumed to be cognizant of the duty imposed by law upon the court in this respect."

In 1 R. C. L., Alimony, 883, 884, section 23, is this statement:

"In divorce or separation suits, however, owing to the fact that a demand for alimony is not an essential part of the cause of action but is merely incidental thereto, it may be awarded in the absence of a specific request therefor in the original bill * * *."

Other decisions supporting directly or by analogy that the matter of alimony is but an incident of divorce, or that it is not essential to the jurisdiction of the court awarding it that it be specifically referred to in the pleadings, are, Cohen v. Cohen, 150 Cal. 99, 88 P. 267, 11 Ann. Cas. 520; Hegwood v. Hegwood, 133 Ark. 160, 202 S. W. 35; Smith v. Haltom, 177 Ark. 790, 8 S. W. 2d 437, 439; Lynde v. Lynde, 54 N. J. Eq. 473, 35 A. 641, 642; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 682, 76 Am. St. Rep. 332 [affirmed 181 U. S. 183, 21 S. Ct. 555, 45 L. Ed. 810]; Blackinton v. Blackinton (Justice Holmes), 141 Mass. 432, 5 N. E. 830, 831, 55 Am. Rep. 484.

The appellant relies upon section 11573 of the Codes of 1931, 1935, and 1939, which provides that:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he has demanded in his petition."

He also cites in support of his contention, among other cases, Richardson v. Short, 201 Iowa 561, 567, 207 N. W. 610; Rees, Gabriel & Co. v. Shepherdson, 95 Iowa 431, 64 N. W. 286; Davis v. Davis, 209 Iowa 1186, 1189, 229 N. W. 855; Rayburn v. Maher, 227 Iowa 274, 288 N. W. 136; Manassa v. Garland, 200 Iowa 1129, 1132, 206 N. W. 33. These decisions correctly interpret section 11573 and we fully agree with them. It is our view that neither the section nor the cited cases have any application to the matter before us. Our decision is controlled by section 10481, applying to divorce suits, and by our decisions construing it. This contention of the appellant has been made in other jurisdictions. In Ecker v. Ecker, supra, 130 Minn. 472, 473, 153 N. W. 864, 865, it was urged that section 7896, of the Minnesota General Statutes, 1913, controlled. It provided that:

"As against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint."

In holding to the contrary, the court said:

"This provision is found in the general practice act and applies wherever no different provision is made by some specific statute. Divorce suits are controlled and governed by a specific statute devoted to that particular subject matter; and, in divorce suits, the provisions of this specific statute supersede those of the general practice act insofar as they are inconsistent therewith."

A similar answer was made to a like contention in Donahoe v. Alcorn, supra, 188 Okla. 305, 108 P. 2d 786.

It is our conclusion that the judgment awarding permanent alimony to the appellee must be upheld.

██ II. Did the appellant establish that the money garnished was "in custodia legis"? Property "in custodia legis" is property in the custody or control of the law. The burden of establishing that fact is upon the one asserting it and moving to dissolve the attachment of such property, or the gar-

nishment of the person having such money or credits in his possession or control, because of such custody. The nature or status of the trust or the obligation of the trustee is not shown. He is merely shown to be the trustee of the estate of a deceased person. Whether he was an officer of the court, or required to report to the court, or to receive orders therefrom, does not appear. In answer to the interrogatory of the sheriff, the trustee replied: "Yes, cash and credits owing to him from Ella Blanche Gordon estate in the amount of $771.00." The fair implication of this answer is that he then had that amount of money *owing* to the appellant, a sum to which he was then entitled and not subject to any further charges or deductions. In the oral submission to the court the attorney for appellee stated that the trustee had a check for that amount ready to remit to the appellant when he was garnished. The attorney for the appellant did not deny this statement in reply. The burden was upon the appellant, as movant, to sustain his motion. Sioux Falls Broadcasting Assn. v. Henry Field Co., 226 Iowa 874, 879, 285 N. W. 155. As said in Carson, Pirie, Scott & Co. v. Long, 219 Iowa 444, 449, 257 N. W. 815, 818:

"To authorize a dissolution of an attachment * * * it must be shown that the property levied on was in custodia legis, and the burden of establishing this status is upon the applicant for a dissolution. The difficulty with defendant's contention, regarding the real estate, is that the evidence fails to show that it was in custodia legis. * * * It is not sufficient to *allege* that the property is in custodia legis. That fact must be established in some manner by the party alleging it."

It is the general rule that property in custodia legis is not subject to garnishment unless it is expressly so provided by statute. Martin & Bro. v. Davis & Co., 21 Iowa 535, 537 (receiver appointed by the court); Pugh v. Jones, 134 Iowa 746, 112 N. W. 225, 11 L. R. A., N. S., 706, 120 Am. St. Rep. 451, 13 Ann. Cas. 499 (guardian); Malone v. Moore, 208 Iowa 1300, 1304, 227 N. W. 169 (special administrator); Shumaker v. Bohrofen, 217 Iowa 34, 36, 250 N. W. 683, 92 A. L. R. 914 (guardian); Sioux Falls Broadcasting Assn. v. Henry Field

Co., supra, 226 Iowa 874, 285 N. W. 155 (receiver); Carson, Pirie, Scott & Co. v. Long, supra, 219 Iowa 444, 257 N. W. 815 (referee). In all such cases the property is in the custody of the court charged with responsibility therefor, and subject to its orders. It, of course, cannot be taken from the custody and responsibility of that court and placed under the control of some other court or officer or arm of the law until released from the custody first attaching. However, if the property or fund of any individual has been set apart for him, or has been ordered delivered or remitted to him, and the officer is no longer accountable to the court, he is subject to garnishment. Carson, Pirie, Scott & Co. v. Long, supra, 219 Iowa 444, 449, 450, 257 N. W. 815.

There is nothing in the record before us to indicate that the trustee in any way resisted the garnishment. The appellant has failed to show that the money is in the custody of the law.

Garnishment statutes are remedial in their nature and it has been the tendency of the courts to construe them broadly and liberally to effect their purpose. Boyer and Barnes v. Hawkins, 86 Iowa 40, 43, 52 N. W. 659. By statutory provisions, sheriffs, constables, and executors may be garnished, as also a fund in court. Sections 12158, 12160, Code of 1939.

Generally speaking, the right of the garnishing creditor is dependent upon the right of the debtor to the fund. What Cheer Savings Bk. v. Mowery, 149 Iowa 114, 128 N. W. 7. The appellant makes no claim that he is not entitled to the money in the hands of the trustee. It is also a general rule that a trustee cannot be garnished by a creditor of a beneficiary of the trust, but the rule does not obtain where the amount due the beneficiary is definite and ascertained and nothing remains but the duty of the trustee to deliver this sum to the beneficiary. Darling v. Dodge, 200 Iowa 1303, 1305, 206 N. W. 266. If the duties of the trustee were not terminated and the money was not ready for delivery to the appellant, the burden was upon him to establish this fact. He has made no attempt to do so, and we must find against his contention that the money was not subject to garnishment.

III. While the court in the decree of divorce found.

that the allegations of the petition were true and that the plaintiff therein was entitled to a divorce from the defendant, the court, no doubt by inadvertence, failed to so adjudge and decree. While not conceding that there is any merit to the contention, we do not pass upon it, since the appellant in no way raised or presented the matter to the trial court. Being raised for the first time on appeal we will not give it consideration.

We find no grounds for reversal, and the judgment is therefore affirmed.—Affirmed.

All JUSTICES concur.