**KARDUX TRANSFER, INC.,**
**Plaintiff-Appellee,**

v.

**Floyd McGREW, Defendant-Appellant,**

**Dave White, d/b/a Dave White Trucking, and Art Clemmons, Defendants.**

No. 83–877.

Court of Appeals of Iowa.

April 24, 1984.

---

**1.** We do not, however, intend to be understood as overruling the holding in *Schimerowski*.

Stephen C. Gerard II, Bartley Law Office, Iowa City, for defendant-appellant.

Jeffrey M. Johnson, and W. Jon Henson, Terrence L. Mealy Law Office, Muscatine, for plaintiff-appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

The plaintiff, Kardux Transfer, Inc., sold three semi-trailers to Dave White. White gave Kardux a promissory note for the purchase price, and a security interest in the three trailers and in a semi-tractor to secure payment on the note. White later leased one of the three trailers to defendant Floyd McGrew. McGrew's employee, Art Clemmons, was involved in an accident which damaged the trailer. White subsequently defaulted on the promissory note. Kardux sued White, McGrew, and Clemmons. Kardux sought the balance due on the promissory note from White, and any amount not recovered from White, but not to exceed the value of the damaged trailer, from McGrew and Clemmons. The petition alleged, among other things, that the damage to the trailer had been caused by the negligence of Clemmons, imputable to his employer, McGrew.

McGrew was the only one of the three defendants who was properly served with original notice of the petition. He failed to appear, however, and a default judgment was entered against him.

In the meantime, Kardux foreclosed its security interest and took possession of the

three trailers, including the trailer damaged by Clemmons, and the semi-tractor owned by White in which Kardux held a security interest.

Defendant McGrew unsuccessfully moved to have the default set aside. The trial court, Judge R.K. Stohr presiding, refused to set aside the default, but expunged the judgment entered thereon, ruling that the amount of the judgment should be ascertained at a future hearing. Judge Stohr, in ruling on the motion to set aside, said:

> The prayer in Plaintiff's petition would indicate that this Defendant would only be liable in the event Plaintiff could not collect from Dave White d/b/a Dave White Trucking. In the Case of *Rayburn vs. Maher* [227 Iowa 274] 288 N.W. 136, the Iowa Supreme Court stated:
>
> > "When a defendant defaults, he is still protected by the law, and the plaintiff's recovery must be confined and responsive to the prayer and petition."

Before the hearing on damages was held, Kardux sought and received permission from the court, Judge J.L. Burns presiding, to amend its petition against McGrew to request the costs of storing, towing and repairing the damaged trailer. A hearing was had on the amended petition in front of Judge Stohr, and the trial court found that the costs of storing, towing and repairing the trailer were $3,548 and entered judgment in that amount against McGrew.

McGrew has appealed from the judgment entered against him. He contends that the trial court erred in permitting Kardux to amend its petition after a default had been entered on the original petition. He argues that his liability should not exceed that prayed for in the original petition and that Kardux should be able to recover only that amount due on the note not recovered from White, but not to exceed the value of the damaged trailer.

We note that at the hearing on damages Leon Kardux, president of Kardux Transfer, Inc., testified that Kardux repossessed the equipment owned by White in which Kardux held a security interest. He testified further that the repossessed equipment had a value of approximately $14,200. The note in the amount of $12,500 was therefore fully satisfied. If we find that the trial court erred in granting leave to amend plaintiff's prayer, Kardux will be entitled to no recovery on the note from McGrew under the original petition. At issue before this court is whether the trial court erred in allowing plaintiff to amend its prayer for relief after the entry of default on the original petition.

■ Whether to allow an amendment of the petition to increase the amount of damages sought is a matter within the discretion of the trial court, and its ruling will be interfered with on appeal only where an abuse of discretion is clearly shown. *Moser v. Brown*, 249 N.W.2d 612, 615 (Iowa 1977).

■ While amendments to pleadings are generally freely allowed pursuant to Rule 88, Iowa Rules of Civil Procedure, they should not be allowed if they substantially change the issues. *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976); *Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 503 (Iowa 1975); *Smith v. Village Enterprises, Inc.*, 208 N.W.2d 35, 37–38 (Iowa 1973). McGrew argues that the amendment did substantially change the issues in this case. The original petition demanded judgment against White for the amount not paid on the note. Kardux demanded judgment against McGrew only for any unpaid balance on the note not recovered from White, but not to exceed the value of the vehicle damaged by McGrew's employee.

■ While the secondary claim against McGrew was cast in terms of negligence imputed by way of *respondeat superior*, the prayer sought no damages other than those based on the promissory note. Kardux argues that these allegations of negligence, while admittedly not cast in compliance with the rules, should have been sufficient to place McGrew on notice as to the nature and extent of the liability which Kardux sought to impose upon him. This

might have been true had this not been a default situation. The fact that the plaintiff sought to substantially increase McGrew's liability by amending the prayer *after* a default as to liability had been entered, however, casts this situation into an entirely different light. The rule is:

> Where the ... complaint is amended in a matter of substance after defendant has defaulted, the amendment opens the case in default ... and a valid default judgment cannot thereafter be entered on the amended pleading unless the defaulting defendant is properly notified of or served with the amended pleading *and given an opportunity to plead,* then fails to do so within the proper time.

49 C.J.S. Judgments § 194 at 340 (emphasis added). The general rule is that relief granted in a judgment by default must be not only within the fair scope of the allegations of the complaint, but also within the fair scope of the prayer thereof. 47 Am. Jur.2d Judgments § 1176 at 199. "Under this rule, a judgment entered by default should not contain an award of damages in excess of that demanded in the pleadings of the plaintiff." *Id.* Furthermore,

> [W]here the complaint is amended in a matter of substance after default, a valid default judgment cannot be entered on the amended pleading unless the defendant is duly notified of the amendment and given an opportunity to plead.

*Id.* § 1177 at 200 (emphasis added).

While McGrew was notified of the amended pleading, the amendment substantially changed the nature of the action. While the original petition, based on the promissory note, sought secondary liability against McGrew, the amended petition sought primary liability against McGrew on a theory which was not set forth as a basis for recovery in the original petition. McGrew did appear and resist the motion to amend, but was permitted only to litigate the issue of *damages* with respect to the negligence claim. He was never given the opportunity to respond to the merits of the new claim.

We find that the amendment authorized by Judge Burns did substantially change the issues in this case. Because we find that his ruling constituted an abuse of discretion, we hold that the order of September 30, 1982, granting plaintiff's motion for leave to amend, must be set aside. We hold further that the judgment entered on the amended petition to be set aside. The case is remanded to the district court for entry of judgment, if appropriate, on the plaintiff's original petition to which a default has already been entered. We admonish the trial court, on remand, to limit any relief to that prayed for in plaintiff's original petition as follows:

> ... Plaintiff demands judgment against ... the Defendants Floyd McGrew and Art Clemmons for the unpaid balance [under the promissory note and security agreement] which Plaintiff is not paid by Dave White, d/b/a Dave White Trucking but not to exceed the value of the vehicle damaged by Floyd McGrew through his agent Art Clemmons, for statutory interest, and that the costs of this action be assessed against the Defendants.

REVERSED AND REMANDED.