**In re the Marriage of Nancy K. FUNKE and Denny C. Funke, Upon the Petition of Nancy K. Funke, n/k/a Nancy Snyder, Petitioner/Appellant/Cross–Appellee,**

**And Concerning Denny C. Funke, Respondent/Appellee/Cross–Appellant.**

**No. 87–1383.**

Court of Appeals of Iowa.

Oct. 20, 1988.

Theodore R. Hoglan of Fairall, Fairall, Kaplan & Hoglan, Marshalltown, for petitioner/appellant/cross-appellee.

Curtis A. Ward of Books, Ward & Trout, Marshalltown, for respondent/appellee/cross-appellant.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

OXBERGER, Chief Judge.

Nancy Funke appeals from an order of the district court which vacated an earlier modification order. Petitioner contends that the trial court erred in two respects: (1) in ruling that the modification order was void in designating the beneficiaries of the life insurance policy; (2) in not dismissing respondent's motion to set aside the default judgment under Iowa Rule of Civil Procedure 236. Respondent cross-appeals claiming there was not significant evidence in the record to warrant enforcement of a purported agreement to change the beneficiaries of the life insurance policy and that there had been fraud and irregularity in obtaining the default order. We affirm.

■ Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

The marriage between the parties, Nancy Funke and Denny Funke, was dissolved in August 1978. In June 1985 Nancy filed a petition for modification. Nancy sought modification on three points: (1) continuation of support at $225 per month until the youngest child ceased to qualify for support; (2) continuation of provision of uninsured medical and dental expenses; and (3) cancellation of a $1,000 note due Denny. Denny did not appear to resist the petition. On December 10, 1986, Nancy filed a petition for default judgment. It was known at this time that Denny had terminal cancer. On December 22, 1986, Nancy's counsel presented the trial with an order containing an additional provision directing Denny to maintain life insurance with the children as beneficiaries. This order was signed. Denny had designated his father as the beneficiary under his policy shortly after the dissolution. He did not change the beneficiary. Denny died on April 16, 1987.

Nancy sought and was granted a temporary writ of injunction against the executors of Denny's estate from disposition of the life insurance policy. The executors sought to vacate the life insurance portion of the December 22, 1986 order. The trial court ruled that the court did not have jurisdiction because the court may not modify a property settlement. Thus, the court ruled this portion of the order was void.

■ We find the portion of the December 22, 1986 order concerning insurance benefits to be beyond the relief requested. Iowa rule of Civil Procedure 235 provides:

The judgment may award any relief consistent with the petition and embraced in its issues; but unless the defaulting party has appeared, it cannot exceed what is demanded against him in the petition as limited by the original notice.

I.R.C.P. 235; *See also Kardux Transfer Inc. v. McGrew*, 350 N.W.2d 223 (Iowa App.1984); *Heyer v. Peterson*, 307 N.W.2d 1 Iowa 1981); *Rayburn v. Maher*, 227 Iowa 274, 288 N.W.136 (1939).

Petitioner sought modification as to three specific points: (1) continuation of support at $225 per month until the youngest child ceased to qualify for support; (2) continuation of provision of uninsured medical and dental expenses; and (3) cancellation of a $1,000 note due Denny. The insurance beneficiary issue was added to the order for default judgment which was presented for the judge to sign. The insurance beneficiary issue was not part of the petition and thus relief which directed designation of beneficiaries exceeded that which was demanded. As Denny Funke, the defaulting party, did not appear, such relief is not allowed under Iowa Rule of Civil Procedure 235.

The trial court in granting relief beyond that which was requested relied on the proposition that provisions of a specific statute supersede those which they are inconsistent with. *Hopping v. Hopping*, 233 Iowa 993, 10 N.W.2d 87, 93 (1943). In *Hopping* the statute relied upon dealt with alimony and custody of children changes. Iowa Code § 10481 (1939). In this modification action we find the exception relating to scope of relief inapplicable absent a specific modification statute superseding Iowa Rule of Civil Procedure 252. *See Hopping* 10 N.W.2d at 93.

Petitioner also contends that the trial court erred in not dismissing respondent's motion to set aside the default judgment under Iowa Rule of Civil Procedure 236. Respondent's motion to set aside the December 22, 1986 order was filed on June 10, 1987. Respondent's motion would be considered timely filed under Iowa Rule of Civil Procedure 252 but would not have been timely filed under Iowa Rule of Civil Procedure 236. Respondent filed this motion on the grounds of irregularity or fraud was practiced in obtaining the order. I.R. C.P. 252(b).

We find rule 252 applicable in this case and not rule 236. It is irregularity or fraud under Iowa Rule of Civil Procedure 252 that is being asserted by the respondent and not mistake, inadvertence, surprise, excusable neglect or unavoidable casualty under Iowa Rule of Civil Procedure 236. Respondent alleges fraud and irregularity based on the fact that Denny never received notice that the order would deal with insurance, that the trial court was misled into believing that Denny had agreed to change his insurance beneficiaries, and that Nancy knew about Denny's imminent death at the time of the modification. We find that these circumstances amount to fraud and thus find rule 252 applicable and respondent's motion timely filed.

Each party will pay his or her own attorney fees. Costs are taxed to appellant.

AFFIRMED.