**DEXTER, f. k. a. TAYLOR, Plaintiff, v. TAYLOR et, Defendants.**

Common Pleas Court, Butler County.

No. 64313.   Decided December 4, 1950.

Clem F. Imfeld and Clem F. Imfeld, Jr., Hamilton, for plaintiff.

Edw. Everett Rice, Hamilton, for defendant.

**OPINION**

By BOLI, J.

This action to quiet title to property in the Sixth Ward of the city of Hamilton, was filed September 13, 1949.

Prior to March, 1946, the plaintiff and defendant, Charles Taylor, were husband and wife and were joint owners of the property in question. In January, 1946, plaintiff commenced an action for divorce and alimony against said defendant in this Court and since at that time defendant had abandoned his wife and two children and his address was unknown to plaintiff, service of summons was had upon him by publication. This publication did not describe or refer to the real estate in question although the petition specifically described the property and prayed that plaintiff be granted ownership thereof and that defendant be barred from all interest therein. In the present action plaintiff alleges the fact that the publication did not refer to or describe the real estate constitutes a cloud on her title.

In March, 1946, the divorce action was heard as an uncontested case and plaintiff was granted a divorce and was awarded as alimony defendant's one-half interest in the property in question. Before and ever since that time plaintiff has continued to occupy the premises as her home.

In the present case plaintiff testified that when her husband left, he told her he was leaving and that she should get a divorce and take the property and that he would send her only $30 per month for the support of their minor child because she would have title to all the property.

Defendants, Charles and Beatrice Taylor, now live in California and, therefore, were served by publication in this case and have filed no answer or other pleading. However, an intervening petition has been filed by one Viva Faulk, wherein she alleges that on October 28, 1949, she purchased from the defendants, Charles and Beatrice Taylor, the undivided one-half interest in the real estate in question. That defendant Charles Taylor represented to her that he was the owner of an undivided one-half inerest in said property and also represented that it was free of liens except a mortgage balance on the whole property and that the property had greatly increased in value and was a good investment. This, in substance, is all the matter contained in the intervening petition wherein she prays that the intervening petitioner be adjudged the owner of an undivided one-half interest in the property and that her title to same be quieted as against the plaintiff.

Thus, the intervening petitioner does not attempt to set

up any defense to the petition, but is seeking relief only on the ground of representations made to her by defendants. In short, she is setting up an independent cause of action against defendants which has no relationship to the claim of the plaintiff.

This brings us to the first question for determination as to whether such an independent action may be the subject of litigation by interpleader as is attempted in this case.

An answer to this question is found in the case of Moore et al. v. Messengill et al, 170 A. L. R. 147, 41 S. E. Second 655 (North Carolina) where the syllabus reads:

"1. A third party who claims title to the premises involved in an action to remove a cloud upon title but who is not relying upon any source of title sought to be established in the action will not be permitted to interplead and have his independent claim of title adjudicated therein.

"2. A statute providing that when a complete determination of the controversy cannot be made without the presence of other parties, the Court must cause them to be brought in, and that when a person not a party to an action for the recovery of real or personal property has an interest in the subject matter and applies to the court to be made a party, it may order him to be brought in, contemplates only the making of such persons parties as may be necessary to a complete determination of the controversy between the original parties and does not authorize the ingrafting of an independent action upon an existing one which is in no way essential to a full and complete determination of the original cause of action.

"3. An independent cause of action which is unrelated to the claim of the plaintiff and not essential to a full and final determination thereof may not be litigated by interplea or cross action."

Here plaintiff and the defendants, Charles and Beatrice Taylor, are the only parties necessary to a complete determination of the controversy between the original parties, and the independent action is not essential to a complete determination of the original cause of action and, therefore, in our opinion the matters plead in the intervening petition may not be the subject of litigation in this case.

And since the intervening petition sets up no defense to the petition and since the rights of the intervening petitioner in the property can be no greater than her grantor's, it is obvious the Court can not grant relief prayed for by the intervening petition.

This then brings us to a consideration of the issue between the original parties which is: Did the Court in the original divorce action have jurisdiction to award defendant's one-half interest in the real estate to plaintiff in face of the fact that: (1) the affidavit for service by publication did not contain the clause "and said case is one of those mentioned in §11292 GC," as required by §11293 GC; and (2) the publication notice did not contain any reference to or description of the real estate?

The relevant part of the affidavit for constructive service reads:

". . . that service of summons and copy of the petition herein can not be made within this state, on the defendant Charles E. Taylor, that his place of residence is unknown to the plaintiff, and by reasonable diligence by inquiry of his former associates and by correspondence cannot be ascertained; that this action is for divorce and other relief against the said Charles E. Taylor, and this affidavit is made in pursuance to law in said cases."

The action was for divorce and the other relief referred to in the affidavit and prayed for in the petition was that plaintiff be granted ownership of the real estate and that defendant be barred from all interest therein. **Paragraphs 7 & 9 of** §11292 GC, both authorize service by publication in such cases.

In our opinion the statement that "this affidavit is made in pursuance to law in said cases" is a sufficient compliance with the terms of §11293 GC.

But even if this be considered a serious defect, it could be at most voidable and not void and, therefore, not subject to collateral attack as is attempted in this case.

We come now to the more important question: Was the publication notice fatally defective in not containing any reference to or description of the real estate? In this state the last word on this subject is found in the case of **Reed v. Reed, 121 Oh St 188,** wherein the first and second paragraphs of the syllabus read:

"1. Service by publication is authorized by §§11292 and 11984 GC, in an action for divorce, alimony and equitable relief, and the trial court has power to make an alimony decree where the only relief sought is the appropriation of real property of the husband, situated within the county, to the payment of the amount that should be allowed for such alimony and support.

"2. Such an action is substantially one **in rem**, and when the petition specifically describes the real property in question, the court has jurisdiction upon completion of service by publication and hearing upon the merits, to decree the relief sought."

This holding would seem to dispose of our case, but the facts are not identical. In the Reed case no question was raised as to the service by publication and we assume a description of the real estate was contained in the publication notice. Also in that case the address of the defendant was known and, therefore, having received a copy of the petition, he had notice that it dealt with the real estate in question and that his wife was asking for alimony out of it.

In its opinion the Court quotes with approval from cases in other jurisdictions and from the language used, we believe our Supreme Court's decision would have been the same under the facts of the instant case. We will refer to this later in our opinion.

Directly in point is the case of Closson v. Closson, 215 Pacific 485 (Wyoming) 29 A. L. R. 1371. This action arose upon the petition of the husband to recover possession of land and upon the cross-petition of the wife to quiet title to the land which had been awarded her in a divorce action. There, as in our case, the real estate was described in the petition and the prayer of the petition was almost identical with that in our case.

There, as in our case, neither the affidavit for service by publication or the publication notice contained any reference to or description of the real estate.

And as in our case the husband made no appearance and the decree was granted, which recited that service had been had upon defendant by publication according to law and this defendant was in default for answer and the real estate in question was awarded to the plaintiff.

The Court held:

"1. Failure of the published notice in a divorce proceeding to state that a disposition of the property would be asked for does not render void a decree making such disposition, although the statute requires the notice to contain a statement of the object and prayer of the petition, where the statutes governing divorce authorize the courts to settle all questions concerning the property and children of the parties.

"3. A court having power over the principal matter in litigation has power also over its incidents.

"6. In the absence of fraud no question can be collaterally entertained as to anything fairly lying within the jurisdictional sphere of the court in a proceeding in which a judgment is rendered.

"7. Holding that a published notice giving the court jurisdiction of a divorce suit is sufficient also, as against collateral attack, to enable it to dispose of the property of the parties, including the homestead, does not violate the due process clause of the constitution.

"9. Where property sought to be subjected to a claim for alimony is seized within the state at the commencement of a divorce proceeding, the judgment will be valid to the same extent as in the ordinary action by a general creditor; not as a judgment in personam, but as a charge to be satisfied out of the property seized.

"10. Absence of actual seizure of property in possession of the wife in a proceeding by her for divorce against her nonresident husband does not prevent the entry of a judgment awarding the property to her."

In its opinion after setting out the various statutes of the state concerning divorce, disposition of property, and so forth, and also the statutes in reference to service by publication, all of which closely resemble the statutes on the same subject in Ohio, the Court on page 1374 says:

"No more than a reading of the statutes is required to show that they contemplate that, at the time of divorce, the court shall adjust various rights of the parties springing out of the marital relation then dissolved. To this end the court is given authority to dispose of their property, provide for the custody of their children, and for the maintenance of the wife and children. The authority is given for the regulation of a status, and the statutes do not seem to contemplate a jurisdiction for the purpose of granting a divorce, and a want of jurisdiction for other purposes deemed by the legislature necessary to a complete regulation of the status. The apparent theory of the statute that the right to settle questions concerning the property and children of the parties is an incident of the jurisdiction of the divorce action seems fully to be borne out by the authorities."

Also on page 1376 the Court says:

"It is clear, therefore, that the legislature may by statute make the disposition of property within the jurisdiction of

the court an incident of a divorce action. It is clear, also, that our statute does this by unequivocal language. It is elementary that if a court has power over the principal matter it has power also over its incidents. It follows, as shown by the foregoing authorities, that, under the statute, the court's jurisdiction in such a case to dispose of property is not lacking merely because the petition contains no reference thereto. The jurisdiction attaches pursuant to the statute. In this case the petition for divorce did refer to the property and pray for its disposition; but if these allegations were not necessary to an acquisition of jurisdiction to dispose of the property, we cannot see how the failure of the published notice to refer to them can be considered such a defect as would render the appropriate decree void on a collateral attack."

In support of its holding, the Court also cites the case of Goore v. Goore 63 Pacific 1092 (Washington) where the attack on the divorce decree was direct and, under statutes quite similar, the Court held that the disposition of the property is a mere incident to the divorce and service by publication was upheld where neither the affidavit for such service nor the published notice described the property.

Also cited is the case of Twing v. O'Meara, 13 Northwestern 321 (Iowa) where the Court held that neither description of the property in the petition for divorce nor prayer that specific property would be set off to the wife as alimony was essential to the Court's jurisdiction to decree to the wife as alimony property of the non-resident husband who had been served by publication only.

In its opinion in the Closson case, the Court calls attention to the fact that Twing v. O'Meara has been often cited with approval in the later Iowa cases of Rea v. Rea, 123 Iowa, 241, 98 N. W. 787, and Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51, and by the Supreme Court of the United States in Pennington v. Fourth National Bank, 243 U. S. 269, 61 L. Ed. 713, L. R. A. 1917 F, 1159, 37 Sup. Ct. Rep. 282.

Other cases to the same effect are: McEwen v. McEwen, 26 Iowa 375; Harshberger v. Harshberger, 26 Iowa 503.

As will be seen from the cases cited, the reasoning upon which the holdings are based is that the statutes in reference to divorce authorize the regulation of a status and all matters embraced in that status and that, therefore, the right to settle questions covering the property of the parties is an incident of the jurisdiction of the divorce action. That since a court has power over the principal matter, it has power also over its incidents.

In short, the statute authorizes jurisdiction in divorce cases and where jurisdiction over that subject attaches it also attaches to all matters incidental to the divorce action and because of this, reference to the property of the parties in the petition or publication notice is not such a defect as would render a decree void on collateral attack.

This brings us back to the Reed case **supra** and why we believe our Supreme Court would have adopted the rule laid down in the cases heretofore cited, had the facts been identical to those in our case. In its opinion after citing a number of cases from other states including the Closson case, the Court on page 196 says:

"Many of the statutory provisions considered in the cases cited as to service by publication are strikingly similar to those in the state of Ohio. The Courts generally comment in the above decisions upon the fact that service by publication is specifically provided for in divorce cases (as is the case also in Ohio), and hold that, as the power to adjust the property rights of the parties is an incident to the power to grant the divorce, the court necessarily has the jurisdiction to dispose of real property within the state."

Again after referring specifically to the decision in the Closson case, the Court on page 198 says:

"There is no essential difference in the relevant statutory provisions of the above cases and the statutes of Ohio, and hence the cases are not distinguishable, either upon the facts or upon the statutes which they construe."

Also on page 198 the Court quotes with approval the case of Blackinton v. Blackinton, 5 Northeastern 830 (Massachusetts) in which Justice Holmes said:

"The whole proceeding is for the regulation of a status. The incidents of that status are various—some concerning the person, some concerning the support, of the petitioner or her child. The order to pay money is not founded on an isolated obligation, as in a case of contract or tort, but upon a duty which is one of those incidents. The status, considered as a whole, is subject to regulation here, although it involves regulations with another not here, because such regulation is necessary rightly to order daily life, and to secure the comfort and support, of the party rightfully living within the jurisdiction. It is quite true that these considerations may

not suffice to give the decree extra-territorial force, and that, in general, courts do not willingly pass decrees, unless they think that other courts at least ought to respect them. But that is not the final test. We think that the statute was intended to authorize such decrees as that appealed from, and tacitly to adopt the rules as to service expressly laid down for divorce. * * * We are therefore of opinion that the decree was within the power of the court, and can be carried out against the defendant's property within the jurisdiction, and against his person if he be found here."

Finally on page 203 the Court says:

"The application for alimony was incidental to and a part of the divorce proceeding."

Since the opinion follows the same line of reasoning found in the cases heretofore cited, these quotations from the Reed case do not leave much doubt as to what would have been the holding of the Court had the facts been similar to our case.

Another reason we hold this view is the fact that in the Reed case there was a direct attack upon the judgment while in the case at bar there is only a collateral attack. Thus, in this respect the facts in our case are much more favorable to the plaintiff because it is generally recognized that a judgment may be subject to correction or reversal or appeal while the same judgment would not be subject to collateral attack.

Finally in the Reed case the defendant husband's whereabouts were known and no doubt he received the publication notice and copy of petition, but why should one who desserts his family and conceals his whereabouts fare better at the hands of the law than one who is not guilty of such conduct?

Of course, in this case the record shows that granting of the divorce and awarding of the property to the wife was what the defendant wanted and what he suggested at the time he left so that it can not be claimed he had no knowledge of what was finally done.

Because the Court had unquestioned jurisdiction in the divorce case and because the division of property and the awarding of alimony are incidents of that, we find that the failure of the publication notice to mention those matters or to contain any reference to or description of the property is not such a defeat as would render void that part of the decree on collateral attack.

Therefore, the Court finds plaintiff is entitled to the relief prayed for and the title to the property will be quieted.